■ CITY OF ALBANY, Appellant, v STEVEN FEIGENBAUM et al., Respondents. [611 NYS2d 719] —Cardona, P. J. Appeal from an order of the Supreme Court (Spain, J.), entered November 18, 1993 in Albany County, which denied plaintiff's motion for a preliminary injunction.

The issue before us is whether Supreme Court properly denied plaintiff's application for a preliminary injunction preventing defendants' continued operation of a "juice bar", which provides entertainment in the form of totally nude dancers, pending the determination of plaintiff's action for a permanent injunction based upon an alleged violation of its zoning ordinance.

We reverse. Plaintiff has the authority to obtain a preliminary injunction strictly enforcing its zoning ordinances without resort to the three-pronged test for injunctive relief, based upon the commission of a prohibited act *(see, City of New York v Bilynn Realty Corp.,* 118 AD2d 511; *see also, Little Joseph Realty v Town of Babylon,* 41 NY2d 738, 745). Plaintiff argues in support of its application that following surrender of their liquor license defendants ceased operation as a tavern by discontinuing the service of alcoholic beverages on the premises, effectively terminating its preexisting nonconforming use as a tavern. Operation of the juice bar offering entertainment by nude dancers *presumptively* satisfies the new definition of an "Adult Entertainment Use" contained in plaintiff's zoning ordinance adopted October 15, 1993, *(see,* City of Albany Zoning Ordinance § 27-202 [iii]), which is clearly prohibited in the C-1 zoning district. In view of the clear public policy "to

restrict nonconforming uses in order ultimately to eliminate them" *(Matter of Aboud v Wallace,* 94 AD2d 874, 875; *see, Matter of Cave v Zoning Bd. of Appeals,* 49 AD2d 228, 233, *lv denied* 38 NY2d 710; *Matter of Harbison v City of Buffalo,* 4 NY2d 553, 559-560), we find, under these circumstances, that plaintiff has satisfied its burden of justifying a preliminary injunction and direct that it should be issued.

We recognize, however, that the determination of whether a particular use is a continuation of or a change in a nonconforming use is a factual one which should be decided in each case by the zoning board *(see, Matter of Aboud v Wallace, supra,* at 875). Accordingly, in the exercise of our discretion, we will stay the preliminary injunction, on the condition that defendants proceed with an appropriate application to the municipal authority within 30 days of the date of this decision. Defendants may, if they deem it appropriate, pursue any additional relief before the municipal authority.

We have considered the other contentions of the parties and find them to be either without merit or unnecessary to address based upon this determination.

Mercure, White, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, motion granted and preliminary injunction stayed, on the condition that defendants proceed with an appropriate application to the municipal authority within 30 days of the date of this Court's decision.