■ In the Matter of JOSE A. OREIRO, Appellant, v BOARD OF APPEALS OF THE CITY OF WHITE PLAINS, Respondent. [612 NYS2d 509] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Cowhey, J.), entered April 10, 1992 in Westchester County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request for a use variance.

Petitioner is the owner of a commercial building which is divided into three retail stores in the Battle Hill section of the City of White Plains, Westchester County. According to the City's Zoning Ordinance adopted in 1981, the building is located in a residential multifamily zoning district and therefore the building's use became nonconforming. In January 1991, petitioner applied for a building permit to install a retail laundry in one of the retail stores in his building. The application was denied by the Commissioner of Buildings who stated that, pursuant to the provisions of the Zoning Ordinance, a change from a retail store to a retail laundry constituted a change from one nonconforming use to another which required respondent's approval. Respondent denied petitioner's application for such approval after a public hearing and petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner now appeals.

Petitioner contends that the operation of a retail laundromat instead of a retail store does not constitute a change from one nonconforming retail use to another under the Zoning Ordinance. We disagree. Although we have clearly stated that

a continuation of use exists where the proposed use is " 'substantially the same' " as that which previously existed and where the " 'essential character' " of the use is not to be changed *(Matter of Aboud v Wallace,* 94 AD2d 874, 875-876; *see, YM & YWHA v Town of Eastchester,* 201 NYS2d 622), we note that such determination "is a factual determination for the board in each case" *(Matter of Aboud v Wallace, supra,* at 875) and will be sustained if it has a rational basis in the record and is supported by substantial evidence *(Matter of Cowan v Kern,* 41 NY2d 591, 598). Further, while an established lawful nonconforming use may be continued, a new nonconforming use may not be substituted for it "despite its generic similarity" *(Matter of Calcagni Constr. Co. v Zoning Bd. of Appeals,* 56 AD2d 845; *see, Matter of Aboud v Wallace, supra,* at 876).

Our review of the Zoning Ordinance reveals that retail stores and retail laundromats are listed separately in not only the definitional section thereof, but also in the schedule of use regulations. Moreover, we note the different requirements detailed therein for off-street parking and loading. Such factors support respondent's determination that this was a change from one nonconforming use to another requiring prior approval by respondent.

Addressing petitioner's next contention, that in the absence of statutory guidelines or specific criteria in the Zoning Ordinance respondent cannot be delegated the power to determine whether the proposed nonconforming retail use is "more appropriate" for the residential zoning district, we find petitioner to have ignored the underpinnings of the Zoning Ordinance. Such ordinance incorporates by reference the Comprehensive Plan adopted by the City which emphasizes the need to preserve "fringe-area" residential neighborhoods such as Battle Hill by "redirecting inappropriate commercial development outside of the neighborhoods". Such a goal is supported by the "public policy to restrict nonconforming uses in order ultimately to eliminate them" *(Matter of Aboud v Wallace,* 94 AD2d 874, 875, *supra),* and by the language of the Zoning Ordinance specifying that conversion to a different nonconforming use would only be permitted if such proposed use is "more appropriate" to the district. In determining that the laundromat at issue was a different use than a retail store, we find that respondent had adequate guidelines to rationally determine that the use proposed was not "more appropriate". As to all other contentions raised, we find such claims to be without merit.

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.