■ In the Matter of CARLO CALVI, Appellant, v ZONING BOARD OF APPEALS OF THE CITY OF YONKERS et al., Respondents. [656 NYS2d 313] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the City of Yonkers, entered March 28, 1995, which, after a hearing, granted the application of the respondent Joseph Moray to extend a nonconforming use, the appeal is from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered December 28, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In July 1994 the respondent Joseph Moray purchased a two-family house in the City of Yonkers. Although the house is located in a single-family residential zone, it was constructed prior to the enactment of the Yonkers Zoning Code, and therefore was permitted to remain a two-family residence as a nonconforming use. Shortly after purchasing the premises, Moray applied to the Zoning Board of Appeals of the City of Yonkers (hereinafter the Board) for a variance to extend the nonconforming use so as to enlarge and renovate the house. In opposition to the application the petitioner contended that the prior owner of the premises had ceased to use it as a two-family home for a period of 12 consecutive months, and that the nonconforming use had therefore been abandoned pursuant to the zoning ordinance (see, City of Yonkers Zoning Code § 107-48). After conducting public hearings and obtaining additional evidence from the Bureau of Housing and Buildings of the City of Yonkers, the Board rejected the petitioner's claim that the nonconforming use of the premises as a two-family residence had been abandoned, and granted Moray's application. The petitioner subsequently commenced this proceeding seeking review of the Board's determination, and the Supreme Court dismissed his petition. We now affirm.

It is well settled that the scope of judicial review of a determination by a zoning board is limited to an examination of whether the determination has a rational basis and is supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of New Venture Realty v Fennell, 210 AD2d 412). The courts may not weigh the evidence or reject the choice made by the zoning board " 'where the evidence is conflicting and room for choice exists' " (Matter of Toys "R" Us v Silva, 89 NY2d 411, 424; Matter of Stork Rest. v Boland, 282 NY 256, 267).

Contrary to the petitioner's contention, upon our review of the record, we find that substantial evidence exists to support the determination of the Board that the nonconforming use of the premises was not abandoned. Although the petitioner and other neighbors claimed that the prior owner of the premises had ceased to use it as a two-family residence, the Board was also presented with evidence, including tax records and a report prepared by the Bureau of Housing and Buildings, which contradicted these claims. Under these circumstances, a reviewing court may not substitute its judgment for that of the zoning board, "even if the court might have decided the matter differently" (Matter of Toys "R" Us v Silva, supra, at 423).

Furthermore, we reject the petitioner's claim that the Board was required to treat Moray's application as an application for a use variance, which may only be obtained upon a showing of unnecessary hardship. As a general rule, it is the applicable zoning ordinance which "determines what changes are permitted in pre-existing, nonconforming uses" (*Matter of Off Shore Rest. Corp. v Linden*, 30 NY2d 160, 163). Since the subject ordinance authorizes the Board to approve the extension of a nonconforming use to "any portion of a building or lot" designed for that nonconforming use at the time of the passage of the zoning ordinance, the Board rationally treated Moray's application as a request for approval to extend the nonconforming use of his property, rather than as a request to vary the application of the ordinance (City of Yonkers Zoning Code §§ 107-45, 107-93 [D]; *see, Matter of Bowers v Aron*, 142 AD2d 32; *cf., Matter of Crossroads Recreation v Broz*, 4 NY2d 39; *Matter of Rembar v Board of Appeals*, 148 AD2d 619). Miller, J. P., Ritter, Thompson and Krausman, JJ., concur.