■ In the Matter of E.P.G. ASSOCIATES, Appellant, v CITY OF ITHACA BOARD OF ZONING APPEALS, Respondent. [682 NYS2d 724] —Carpinello, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered January 15, 1998 in Tompkins County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent revoking petitioner's right to use its property for a nonconforming use.

Petitioner is the owner of a three-story house in the City of Ithaca, Tompkins County, located in a single-family residential zone. Pursuant to grandfathered zoning rights, however, the property was permitted to remain a two-family residence with a maximum occupancy of three unrelated adults in the first-floor unit and two unrelated adults in the basement unit.[1] In March 1995, petitioner agreed to plead guilty to criminal charges that it permitted occupancy in the units beyond the legal limit and converted the property from a two unit dwelling into a "multiple residence" in violation of the City's zoning ordinance.[2] Petitioner was fined $10,000. Thereafter, petitioner was notified by the City's Building Department that, pursuant to Ithaca City Code § 325-33, it "lost the right to operate a nonconforming use at this property by discontinuation of use" because the occupancy limits had been exceeded for more than one year and the dwelling was no longer rented as two dwelling units but rather as a multiple residence. After conducting a hearing and obtaining evidence gathered during

---

**1.** A dwelling unit is defined as "[o]ne (1) or more rooms designed or used for living quarters by one (1) household, including provisions for living, cooking, sanitary and sleeping facilities, and having a separate entrance from the outside of the building or through a common hall" (Ithaca City Code § 325-3 [B]).

**2.** A multiple residence includes, as relevant here, "[a] single dwelling unit * * * occupied by a group of four (4) or more unrelated persons, exclusive of minor dependent children in the care of a parent or relative" (Ithaca City Code § 325-3 [B]).

the criminal matter, respondent upheld the Building Department's determination, prompting petitioner to commence the instant CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

The record reveals that eight tenants resided in the house from August 1994 through August 1995 with the understanding that it "was a one-dwelling unit". This understanding was in fact memorialized in their lease with petitioner which clearly stated that petitioner rented them "the whole house", as opposed to either of the two dwelling units. There was also proof that the two units were not separated into distinct apartments and that the basement was not utilized as a separate dwelling unit. An unlocked door connected the two units permitting inside access between them. Moreover, although the basement unit contained a kitchen, this room was without an operable stove.

Under the City of Ithaca City Code, petitioner's "[n]onoperation or nonuse of [its] nonconforming use for a period of twelve (12) successive calendar months or more shall terminate the right to operate such nonconforming use" (Ithaca City Code § 325-33). Such determination is a factual one to be decided by respondent (*see, e.g., City of Albany v Feigenbaum*, 204 AD2d 842, 843, *lv dismissed* 84 NY2d 850; *Matter of Oreiro v Board of Appeals*, 204 AD2d 964; *Matter of Aboud v Wallace*, 94 AD2d 874, 875). Noting that judicial review of respondent's determination is limited to whether its "determination has a rational basis and is supported by substantial evidence" (*Matter of Calvi v Zoning Bd. of Appeals*, 238 AD2d 417, 418), we find, upon our review of the record, that substantial evidence exists to support the determination that petitioner's right to the nonconforming use of the property has been terminated by virtue of overoccupancy *and* conversion of the premises from two dwelling units to a multiple residence for a period of over 12 months. Accordingly, we affirm Supreme Court's judgment dismissing the petition.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.