■ In the Matter of DELI FOOD GROCERY CORP., Appellant, v GASTON SILVA, as Buildings Commissioner of the City of New York, Respondent. [687 NYS2d 35] —Order and judgment (one paper), Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered May 27, 1998, which denied petitioner's application pursuant to CPLR article 78 for a judgment vacating an Order of Closure issued by respondent and dismissed the petition, unanimously affirmed, without costs.

Petitioner's claim that Administrative Code of the City of New York § 26-127.2 is unconstitutional by reason of its failure to provide for a judicial hearing before issuance of an Order of Closure is without merit. While due process entitled petitioner to adequate notice of the charges upon which the closure of its premises was sought and an opportunity to be heard in opposition thereto (*see, e.g., United States v James Daniel Good Real*

*Prop.*, 510 US 43, 48; *Matter of Beckman v Greentree Sec.*, 87 NY2d 566, 570), it did not entitle it to a hearing in a judicial forum (*Mount St. Mary's Hosp. v Catherwood*, 26 NY2d 493, 505). Here, petitioner received the requisite notice and hearing, and subsequent to the Administrative Law Judge's determination upon the hearing record, that petitioner's grocery store was illegally situated in a residentially zoned district, sought and obtained administrative review of the adverse determination. Accordingly, the demands of due process were more than satisfied. Petitioner's claim that the Administrative Law Judge was biased against it is without support in the record. Nor is there merit to petitioner's argument that the aforesaid Administrative Code provision is unconstitutionally overbroad in its definition of what constitutes a public nuisance (*see, City of New York v Bilynn Realty Corp.*, 118 AD2d 511).

We have reviewed petitioner's other claims and find them to be unavailing. Concur—Sullivan, J. P., Rosenberger, Tom and Lerner, JJ.