■ In the Matter of TABITHA G. and Another, Children Alleged to be Neglected. MARIA S., Appellant; SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [704 NYS2d 511] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based upon permanent neglect, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Suffolk County (Freundlich, J.), entered November 25, 1997, as, after fact-finding and dispositional hearings, terminated her parental rights and committed the children to the custody of the Suffolk County Department of Social Services.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly determined that the appellant had permanently neglected her children and that their best interests were served by terminating the appellant's parental rights and allowing the children to be put up for adoption (*see,* Social Services Law § 384-b; *Matter of Michael B.,* 80 NY2d 299; *Matter of Star Leslie W.,* 63 NY2d 136). Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.

■ In the Matter of HOLY FAMILY UKRAINIAN CATHOLIC CHURCH, Appellant, v MAURICE O'CONNELL et al., Respondents. [704 NYS2d 852] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Islip, dated August 11, 1998, which denied site plan approval, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered March 9, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contentions, the reasons stated by the respondent planning board for denying approval of the site plan, including, *inter alia,* the detrimental impact on, and potential danger to, the use, value, and enjoyment of the surrounding properties because of the lack of required and adequate on-site parking, were supported by substantial evidence in the record (*see, Matter of Calvi v Zoning Bd. of Appeals,* 238 AD2d 417; *Bongiorno v Planning Bd.,* 143 AD2d 967; *Moriarty v Planning Bd.,* 119 AD2d 188; Town Law § 274-a). Accordingly, the proceeding was properly dismissed. Ritter, J. P., Altman, Krausman and McGinity, JJ., concur.