■ In the Matter of GAETANO CIOPPA et al., Appellants, v G. MICHAEL APOSTOL, as Chair of the Board of Zoning Appeals of the City of Albany, et al., Respondents. [755 NYS2d 458] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered April 26, 2002 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Zoning Appeals of the City of Albany, inter alia, terminating petitioners' nonconforming use of certain property.

Petitioners challenge on constitutional grounds the use of Albany City Code § 375-91 by respondents to extinguish petitioners' preexisting nonconforming use. Petitioners Gaetano Cioppa and Laurel Cioppa own real property located at 368 Madison Avenue in the City of Albany. The building includes two apartments and a tavern, petitioner Bottoms-Up Grill, Inc., which the Cioppas have operated at that location since 1961. The area has been zoned residential since 1968 and the Bottoms-Up Grill has continued operating as a preexisting nonconforming use.

In November 2001, respondent Commissioner of Public Safety of the City of Albany (hereinafter the Commissioner)

applied to the Board of Zoning Appeals of the City of Albany (hereinafter ZBA) to declare the property a general nuisance pursuant to Albany City Code § 375-91, which provides: "Upon a complaint registered by the Commissioner or 50% of the property owners within 200 feet of a nonconforming use, which is considered to be a general nuisance or a hazard to the health, safety, welfare and morals of uses or structures within 200 feet of such nonconforming use or uses, the [ZBA] shall hold a public hearing and make a finding with respect to the nuisance or hazardous condition which exists and shall determine the necessity of terminating such nonconforming use. Such uses shall be terminated within such reasonable time as shall be determined by the [ZBA] as related to the reasonable amortization of the capital investment in such uses." On December 22, 2001, the Cioppas received notice that the ZBA had scheduled a public hearing for January 9, 2002 regarding the Commissioner's application. At the hearing, numerous neighbors related a two-year escalation of occurrences in or near the Bottoms-Up Grill of, inter alia, fights, public intoxication, drug dealing, public urination, loud noise throughout the night, illegally parked vehicles and threats to neighbors. The Cioppas and their attorney addressed the ZBA, presented various documents and elicited comments from a few individuals favorable to their position.

The ZBA subsequently issued a written determination setting forth reasons supporting its unanimous decision that the Bottoms-Up Grill was a "general nuisance and a hazard to the health, safety, welfare and morals of uses and structures within 200 feet of said nonconforming use." While the Cioppas were initially afforded only 30 days in which to amortize their capital investment, the decision further provided that "[t]his time period may be extended upon an application to the [ZBA] establishing with competent financial evidence that the recoupment of the capital investment requires an extension of the 30-day limit." Petitioners obtained, via order to show cause, a stay and commenced this proceeding pursuant to CPLR article 78 challenging the ZBA's determination. Supreme Court dismissed the petition. Petitioners appealed and we granted petitioners' application for a stay pending the appeal.

Municipalities are vested with "considerable authority * * * to implement zoning plans and programs" and "these land-use regulations generally enjoy a strong presumption of constitutionality" (*Stringfellow's of N.Y. v City of New York*, 91 NY2d 382, 395-396). While a use that predates a zoning change and that is no longer authorized after the change (i.e., a noncon-

forming use) is not favored, the law nevertheless " 'grudging[ly] tolera[tes]' " such a use because of "constitutional and fairness concerns regarding the undue financial hardship that immediate elimination of nonconforming uses would cause to property owners" (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 417; *see Matter of Pelham Esplanade v Board of Trustees of Vil. of Pelham Manor*, 77 NY2d 66, 70-71). A nonconforming use may be closely restricted such that, inter alia, it is deemed abandoned based upon substantial discontinuation (*see Matter of Toys "R" Us v Silva, supra*), it cannot be restored after substantial damage or destruction (*see Matter of Pelham Esplanade v Board of Trustees of Vil. of Pelham Manor, supra*) and it cannot be converted to a different nonconforming use (*see Matter of Oreiro v Board of Appeals of City of White Plains*, 204 AD2d 964, 965; *Matter of Aboud v Wallace*, 94 AD2d 874, 875-876).

In addition, and significant to the current appeal, a nonconforming use may be eliminated by using a reasonable amortization period (*see Village of Valatie v Smith*, 83 NY2d 396, 400-401; *Modjeska Sign Studios v Berle*, 43 NY2d 468, *appeal dismissed* 439 US 809; *Matter of Harbison v City of Buffalo*, 4 NY2d 553). The owner of a nonconforming use bears the burden when challenging the reasonableness of an amortization period, which is an inherently factual inquiry and amortization periods of various duration have been upheld (*see Village of Valatie v Smith, supra; Matter of Town of Islip v Caviglia*, 73 NY2d 544, 564; *Suffolk Outdoor Adv. Co. v Hulse*, 43 NY2d 483, 490-491; *Modjeska Sign Studios v Berle, supra* at 480-481). Moreover, so long as the zoning that resulted in the use becoming nonconforming was based upon a proper public purpose, there is no requirement that the amortization of the nonconforming use be predicated upon establishing a nuisance or any other ground that independently places the viability of the nonconforming use in jeopardy (*see generally Village of Valatie v Smith, supra; Suffolk Outdoor Adv. Co. v Hulse, supra*).

In assessing the sufficiency of the procedures afforded to petitioners under the "flexible concept" of due process, "which tailors procedural protections to particular facts" (*Curiale v Ardra Ins. Co.*, 88 NY2d 268, 274), it is crucial to recognize that the relevant section of the Albany City Code does not immediately terminate a nonconforming use upon a determination that a nuisance or hazard exists. The code requires an initial showing of a nuisance or hazard and then permits the imposition of a reasonable amortization period. Since the initial showing of a nuisance or hazard serves as a predicate under

the code to a separate constitutionally permissible method of extinguishing a nonconforming use, we stress that we are not faced with the issue of whether the procedure for determining a nuisance or hazard under the code would pass constitutional muster if such a determination, alone, resulted in the immediate termination of a nonconforming use.

Here, petitioners were afforded notice of the hearing, obtained a copy of the Commissioner's application and supporting materials before the hearing, and had an opportunity to address the allegations and to present evidence supporting their position at the hearing. The ZBA provided written reasons for its determination and review was available to petitioners pursuant to CPLR article 78. Such procedures afforded petitioners adequate due process pertaining to the initial showing required in the code (*see Matter of Deli Food Grocery Corp. v Silva*, 259 AD2d 345, *appeal dismissed* 93 NY2d 957), notwithstanding the fact that the Cioppas were not given the opportunity to cross-examine those neighbors that addressed the ZBA and supported the Commissioner's application (*see Matter of Aprile v Lo Grande*, 89 AD2d 563, *affd* 59 NY2d 886; *cf. Matter of Schiavone Constr. Co. v Larocca*, 117 AD2d 440, 443-444, *lv denied* 68 NY2d 610). The ZBA's determination that a nuisance and hazard existed at the Bottoms-Up Grill was a reasonable interpretation and application of the code and the factual findings are supported by substantial evidence in the record (*see generally Matter of Mayes v Cooper*, 283 AD2d 760, 762; *Matter of Dyno v Village of Johnson City*, 261 AD2d 783, 784, *appeal dismissed* 93 NY2d 1033, *lv denied* 94 NY2d 818).

Turning to the critical issue of the reasonableness of the amortization period, such issue is not yet fully before us. While the initial period of 30 days appears, on its face, quite contracted (*see Village of Valatie v Smith, supra*; *Modjeska Sign Studios v Berle, supra*), the ZBA's determination specifically provides that the period may be extended upon a showing by petitioners of financial evidence regarding the recoupment of their capital investment. Rather than presenting their proof pertaining to a reasonable amortization period, petitioners obtained stays while pursuing the underlying proceeding and this appeal. Having failed to convince us of a constitutional infirmity with the proceedings to this juncture, petitioners' current remedy is to present their evidence regarding a reasonable amortization period to the ZBA (*see Suffolk Outdoor Adv. Co. v Hulse, supra* at 491).

Petitioners' remaining arguments have been considered and found unpersuasive.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.