■ TOWN OF CANAAN, Respondent, v S.C.L. FORM COMPANY, INC., et al., Appellants. [820 NYS2d 356]—

Peters, J. Appeal from that part of an order of the Supreme Court (Connor, J.), entered April 27, 2005 in Columbia County, which, inter alia, granted plaintiff's motion for a permanent injunction.

Defendant Arthur M. Tieger, through defendant S.C.L. Form Company, Inc. (hereinafter collectively referred to as Tieger), has owned a parcel of land in the Town of Canaan, Columbia County, since 1980. Prior to Tieger's purchase, the premises had numerous commercial uses, the last of which was for the placement and storage of materials, including the storage of furniture. Tieger claims that since his purchase, he has used it on a regular basis for his home and the creation of art.

This "art" or "materials" spill out of Tieger's building onto his surrounding property.* Due to complaints by local residents, the Town building inspector made a series of visits to Tieger's property between 2001 to 2004 which resulted in the issuance of warnings to him to clean it up. In September 2004, plaintiff, by order to show cause, sought declaratory relief, as well as preliminary and permanent injunctions, contending that Tieger's use of the property, as either an art studio or junkyard, was in violation of the local zoning ordinance. Supreme Court rejected the claim that the property was a junkyard or a preexisting, nonconforming use, but did determine that Tieger was in violation of the home occupation provision of the local zoning ordinance. Upon such determination and the grant of a permanent injunction, Tieger appeals.

The current zoning ordinance places Tieger's premises in a

---

* The Town building inspector contends that "[t]he materials and debris surrounding the dwelling are of a considerable quantity . . . . The materials stored include excessive amounts of old and used boxes, rags, waste paper, used appliances, including engines and kitchen appliances and their component parts, plastic and metal containers, cleanser containers, wooden pallets, fencing, gas cans, pieces of lumber and scrap metal of various size and age . . . ."

residential-agricultural district where his artistic enterprise, and what appears to be its concomitant storage of materials, would be prohibited in its present form unless an exception applied. In reviewing whether the property was properly determined to fall under the home occupation exception, we reject, as without merit, all of Tieger's challenges to Supreme Court's determination, including his assertion that his current use qualifies as a preexisting nonconforming use.

"[N]onconforming uses of property are tolerated, [but] the overriding policy of zoning is aimed at their eventual elimination" (*Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville*, 98 NY2d 683, 685 [2002]; *see Matter of Aboud v Wallace*, 94 AD2d 874, 875 [1983]). Acknowledging that a preexisting, nonconforming use can be closely restricted in that substantial discontinuation could result in an abandonment of that use (*see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 417 [1996]; *Matter of Cioppa v Apostol,* 301 AD2d 987, 989 [2003]), an inability to restore it after substantial damage or destruction (*see Matter of Pelham Esplanade v Board of Trustees of Vil. of Pelham Manor*, 77 NY2d 66, 70-71 [1990]; *Matter of Cioppa v Apostol, supra* at 989), or a prohibition against its conversion to a different nonconforming use (*see Matter of Cioppa v Apostol, supra* at 989; *Matter of Oreiro v Board of Appeals of City of White Plains*, 204 AD2d 964, 965 [1994]), this determination "is a factual one which should be decided in each case by the zoning board" (*City of Albany v Feigenbaum*, 204 AD2d 842, 843 [1994], *lv dismissed* 84 NY2d 850 [1994]; *see Matter of Aboud v Wallace, supra* at 875-876; *see also Tri-State Video Corp. v Town of Stephentown*, 1998 WL 72331, 1998 US Dist LEXIS 1899 [US Dist Ct, ND NY, Feb. 13, 1998, Scullin, J.]). Although Tieger's claim of a continued use of the property is relevant because the 1973 zoning ordinance permitted any preexisting lawful use to be continued or enlarged within certain parameters, we find his proof insufficient to create a factual issue requiring a submission of this claim to the zoning board. Tieger's affidavit notes his use of the property since his purchase along with generalized statements of its prior use, but the record is bereft of proof from anyone with personal knowledge as to its actual and continual use before the 1973 zoning ordinance and through Tieger's purchase in 1980. That information is critical for Tieger to establish a viable claim that there is a preexisting nonconforming use under the 1973 zoning ordinance which should be submitted to the zoning board. In light of this failure of proof and with this case presenting none of the legal subtleties demonstrated in *City of Albany v Feigenbaum* (204 AD2d 842 [1994], *lv dismissed* 84 NY2d 850 [1994]) or *Matter of Oreiro v Board of*

*Appeals of City of White Plains* (204 AD2d 964 [1994]), Supreme Court properly issued a permanent injunction.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.