In the Matter of BETTE BOHNER et al., Appellants, v ALBERT CASATELLI et al., Individually and as Members of Zoning Board of Appeals of Town of Newport, et al., Respondents. [831 NYS2d 790]—

Appeal from a judgment (denominated order) of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered December 21, 2005 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted in part in accordance with the following memorandum: Petitioners commenced this CPLR article 78 proceeding against respondent Town of Newport (Town), the members of its Zoning Board of Appeals (ZBA), and Humpf Sanitation, LLC (Humpf), the owner of two parcels of property adjacent to petitioners' property. Petitioners sought, inter alia, to annul the determination of the ZBA confirming the Town Building Code Enforcement Officer's issuance of a building permit allowing Humpf to construct a new 18,000-square-foot, 35-foot-high "Sanitation/Transfer Station" on one of the two parcels. In confirming the issuance of the building permit, the ZBA agreed with the determination of the Building Code Enforcement Officer that Humpf was legally continuing, and not illegally expanding, a prior nonconforming use of that parcel as a solid waste transfer facility.

Supreme Court erred in dismissing the petition in its entirety inasmuch as the construction of the new building by Humpf for

use as a solid waste transfer facility violated the pertinent provisions of the zoning ordinance and common-law principles governing prior nonconforming uses. "A use of property that existed before the enactment of a zoning restriction that prohibits the use is a legal nonconforming use, but the right to maintain a nonconforming use does not include the right to extend or enlarge that use" (*Matter of McDonald v Zoning Bd. of Appeals of Town of Islip*, 31 AD3d 642, 642-643 [2006]; *see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville*, 98 NY2d 683, 685 [2002]; *Matter of Rudolf Steiner Fellowship Found. v De Luccia*, 90 NY2d 453, 458 [1997]; *Matter of Toys "R" Us v Silva*, 89 NY2d 411, 417 [1996]). "Because nonconforming uses are viewed as detrimental to zoning schemes, public policy favors their reasonable restriction and eventual elimination" (*Matter of 550 Halstead Corp. v Zoning Bd. of Appeals of Town/Vil. of Harrison*, 1 NY3d 561, 562 [2003]; *see Toys "R" Us*, 89 NY2d at 417). Therefore, "the courts, in keeping with the sound public policy of eventually extinguishing all nonconforming uses of property, will enforce municipal ordinances which restrict a landowner's ability to expand or intensify a prior existing nonconforming use" (*Matter of Smith v Board of Appeals of Town of Islip*, 202 AD2d 674, 676 [1994]; *see Matter of Syracuse Aggregate Corp. v Weise*, 72 AD2d 254, 257-258 [1980], *affd* 51 NY2d 278 [1980]; *Matter of Off Shore Rest. Corp. v Linden*, 30 NY2d 160, 164 [1972]).

Here, there is substantial evidence in the record that the parcel not designated for construction of the building was devoted to use for the hauling and transfer of solid waste when the zoning ordinance was enacted, in December 1978. We conclude, however, that the ZBA's determination that the parcel upon which the building was constructed was then so used lacks a rational basis and is not supported by substantial evidence (*see Town of Canaan v S.C.L. Form Co., Inc.*, 32 AD3d 619 [2006], *lv denied* 7 NY3d 714 [2006]; *Matter of Watral v Scheyer*, 223 AD2d 711, 712 [1996]; *see generally Toys "R" Us*, 89 NY2d at 423) and, indeed, we note that Humpf's predecessor in interest did not purchase that parcel until 1986. In any event, Humpf's building does not meet the definition of a "Non-Conforming Building" under the zoning ordinance, which requires that the building have "lawfully existed at the time [of the] enactment of this ordinance" (Town of Newport Zoning Ordinance, art II, § 3). Moreover, under common-law principles, the construction of a building to enclose even a valid nonconforming use previously conducted outdoors would result in an unlawful expansion or intensification of such use (*see Matter of Saladino v Fernan*, 204 AD2d 554, 555 [1994]; *see also Matter of*

*Mueller v Zoning Bd. of Appeals of Town of Southold,* 10 AD3d 687, 690 [2004]; *see generally Smith,* 202 AD2d at 676). Under the circumstances of this case, a use variance was required. We therefore reverse the judgment and grant the petition in part by annulling the ZBA's determination. Present—Gorski, J.P., Smith, Lunn, Peradotto and Pine, JJ.