■ In the Matter of SCOTT PALLADINO, Appellant, v ZONING BOARD OF APPEALS OF TOWN OF CHATHAM, Respondent. [834 NYS2d 351]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered December 12, 2005 in Columbia County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment to, inter alia, review a determination of respondent denying petitioner's request for a use variance.

In April 2005, petitioner was advised by the code enforcement officer that his application for a building permit to construct a shed on his property in the Town of Chatham, Columbia County for the storage of vehicles and equipment for his lawn care business would be denied because such a business was not a permitted use on the property. He was thus advised to apply for a use variance. While he thereafter submitted such an application, it was ultimately "adjusted" to become a request for an interpretation of the town zoning law, namely, whether his lawn care business was a "home occupation."

Following a hearing before six of respondent's seven members, said members split evenly on the issue of whether petitioner's business was a home occupation within the meaning of the zoning law. Because an affirmative vote of a majority of respondent's members was not reached on his application, the appeal was denied by default (*see* Town Law § 267-a [13] [b]). Petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking to vacate respondent's determination and seeking a declaration that his business is a home occupation. Supreme Court's dismissal of the petition/complaint has prompted this appeal. We now affirm.

We begin by noting that, inasmuch as petitioner's application was rejected by default because of a tie vote, judicial review of whether such denial was arbitrary and capricious encompasses "an examination of the entire record, including the transcript of the meeting at which the vote was taken along with affidavits submitted in the [CPLR] article 78 proceeding" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [2001]). Our examination of this record supports the denial of petitioner's application. As relevant here, the Town's zoning law defines a "home occupation" as any business "that results in a product or service, that is conducted in whole or in part in a dwelling or residential accessory building . . . *and* that is clearly subordinate in space utilization and intensity to the residential use of the lot" (Chatham Town Code § 180-4 [emphasis added]). With respect to the first part of this definition, the record establishes that petitioner conducts a majority of his business off premises, that is, on his customers' properties, and only uses an office inside his home for paperwork.[1] This fact was relied upon by one of respondent's members as evidence that petitioner's lawn care business was simply not a home occupation.

As to the second part of the definition, the record also establishes that most of petitioner's property is unuseable wetland and that the small useable portion thereof (approximately a half acre) contains his small, single-family home, a garage and over a dozen pieces of equipment and machinery pertaining to his business, including two dump trucks, two pickup trucks, four trailers, a back hoe and small excavators. These facts led three of respondent's members to conclude that the lawn care business was not subordinate in space and

---

**1.** Notably, meeting minutes reflect that petitioner's attorney indicated that petitioner's "business isn't run from the site."

intensity to the residential use of the lot and therefore not a home occupation.[2]

Given the two distinct requirements for defining a home occupation and given facts in the record which negate each requirement, the conclusion that petitioner's lawn care business does not fall under the category of home occupation is neither unreasonable nor irrational (*see e.g. Matter of Frishman v Schmidt*, 61 NY2d 823, 826 [1984]; *Matter of Simon v Board of Appeals on Zoning of City of New Rochelle*, 208 AD2d 931, 932 [1994]; *Matter of Baker v Polsinelli*, 177 AD2d 844, 846 [1991], *lv denied* 80 NY2d 752 [1992]). We thus further find that the default denial of the appeal was not arbitrary or capricious (*cf. Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, supra*).

Petitioner's remaining arguments have been considered and found to be unpersuasive.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

**2.** Notably, the member who voted against a finding of home occupation because petitioner conducted most of his work off premises made clear in an affidavit opposing the petition that his vote, while not specifically delineated as such in the meeting minutes, was also based upon the same rationale as the other two members, i.e., that due to the large number of vehicles, equipment and machinery that are stored on the property, the intensity and space utilization of the commercial use of the property was not subordinate to its residential use.