■ In the Matter of ROGER PLOOF, Appellant, v G. MICHAEL APOSTOL, as Chairperson of the Zoning Board of Appeals of the City of Albany, et al., Respondents. [956 NYS2d 286]—

Egan Jr., J.

In February 2010, applications were filed with respondent Zoning Board of Appeals of the City of Albany (hereinafter ZBA) alleging that each of the subject properties was a general nuisance within the meaning of Albany City Code § 375-91 and seeking to terminate each property's nonconforming use status. Following public hearings, at which numerous neighboring property owners appeared and voiced their support for the applications, the ZBA separately determined that each of the properties owned by petitioner indeed constituted a general nuisance. As a result, petitioner was given six months to amortize his investments therein and 60 days within which to challenge the reasonableness of that amortization period.

Petitioner thereafter commenced this CPLR article 78 proceeding challenging the ZBA's determinations contending, among other things, that the ZBA placed undue emphasis upon the number of "calls for service" made to the Albany Police Department and the Albany Fire Department regarding the properties at issue. Supreme Court dismissed petitioner's application, finding that the ZBA's determinations were entirely rational. This appeal by petitioner ensued.*

We affirm. Contrary to petitioner's assertion, the record before us contains ample evidence to support the ZBA's finding that the properties at issue constitute a general nuisance within the meaning of Albany City Code § 375-91. In this regard, the reports and data either originating from or compiled by the Albany Police Department demonstrate that, between 2004 and 2009, petitioner's properties received a disproportionately high number of calls for service compared to similarly situated properties and, further, a substantial percentage of those calls were for what the police denominated as "nuisance calls," i.e., calls involving complaints of fireworks, domestic incidents, "groups annoying," loud music, animal control issues and neighbor disputes. Also included in this category were "certain types of calls or crimes that repeatedly require[d] police response," such as those involving weapons, drug sales, assaults and other criminal activities. Although petitioner attempts to downplay the significance of those calls—contending, among other things, that the statistical data is of limited value without knowing, for example, the circumstances under which the calls at issue were made—the number and, more significantly, the types of calls for service received, coupled with the 70 arrests made at 61/67 Morris Street between 2004 and 2010 and the 65 arrests made at 105 Morris Street during that same period, speak volumes about the impact that petitioner's properties have upon the surrounding neighborhood—specifically, upon "uses or structures [located] within 200 feet [there]of" (Albany City Code § 375-91).

Further, as the ZBA appropriately found, this statistical data was supplemented by the oral comments made by and the written comments received from neighboring property owners at the public hearing, many of whom spoke of the violence, intoxication and drug dealing they have witnessed occurring on

* Petitioner challenged the six-month amortization period only with respect to the property located at 32 South Allen Street, and Supreme Court found that petitioner failed to overcome the presumption of validity attached thereto. This issue has not been briefed on appeal and, hence, we deem any argument on this point to be abandoned (see *Phoenix Signal & Elec. Corp. v New York State Thruway Auth.*, 90 AD3d 1394, 1395 n 1 [2011]).

petitioner's properties. Indeed, one neighbor described 61/67 Morris Street as "an open air drug market," and many of the neighbors attested to having been solicited, accosted, harassed or threatened by petitioner's tenants. In light of such evidence, the ZBA's determination that petitioner's properties constituted "a general nuisance or a hazard to the health, safety, welfare and morals of uses or structures within 200 feet [there]of" (Albany City Code § 375-91) is entirely rational and fully supported by the record before us (*see Matter of Cioppa v Apostol*, 301 AD2d 987, 990 [2003]). Petitioner's remaining arguments, including his assertion that the ZBA impermissibly adopted a new test for determining whether the subject properties constituted a nuisance, have been examined and found to be lacking in merit.

Rose, J.P., Spain and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.