State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 8, 2016          523307
_____

In the Matter of
  TRI-SERENDIPITY, LLC,
                    Appellant,
        v                              MEMORANDUM AND ORDER

CITY OF KINGSTON et al.,
                    Respondents.
_____

Calendar Date:  October 17, 2016

Before:  Egan Jr., J.P., Rose, Clark, Mulvey and Aarons, JJ.

_____

        Freeman Howard, PC, Hudson (Paul M. Freeman of counsel),
for appellant.

        Kevin R. Bryant, Corporation Counsel, Kingston, for
respondents.

_____

Clark, J.

        Appeal from a judgment of the Supreme Court (Zwack, J.),
entered June 21, 2016 in Columbia County, which partially
dismissed petitioner's application, in a proceeding pursuant to
CPLR article 78, to review a determination of respondent City of
Kingston Zoning Board of Appeals finding, among other things,
that the use of petitioner's property as a boarding house was not
a permitted use.

        Petitioner owns certain real property in a residential
zoning district in the City of Kingston, Ulster County.  In
November 2014, petitioner applied to respondent City of Kingston
Building Safety Division (hereinafter the Division) for a
building permit to conduct certain renovations to an existing

building on the property so that it could continue to operate as a boarding house. In response, Corporation Counsel of respondent City of Kingston informed petitioner that the property's use as a boarding house was not a lawful preexisting nonconforming use and that, therefore, the Division had been advised to deny the petition. Petitioner thereafter commenced a CPLR article 78 proceeding seeking, among other things, to compel the Division to issue the requested permit, but, because the Division had not issued a final determination on the application, Supreme Court (Mott, J.) remitted the matter to the Division for such determination.

The Division subsequently denied petitioner's permit application. Petitioner appealed, and, following a public hearing, respondent City of Kingston Zoning Board of Appeals (hereinafter the ZBA) affirmed, finding, among other things, that the property's proposed use as a boarding house was not a lawful preexisting nonconforming use because the property had operated as a nursing home when the City's zoning law was enacted in 1963. Petitioner then commenced this CPLR article 78 proceeding seeking review of the ZBA's determination. Supreme Court (Zwack, J.) granted the petition to the extent of vacating the ZBA's determination that a nonconforming user must obtain a permit or license to operate, but otherwise upheld the determination. Petitioner appeals.[1]

Petitioner argues that, in upholding the ZBA's determination, Supreme Court erroneously substituted its own judgment for that of the ZBA by relying on a rationale that was not invoked by the ZBA. Supreme Court, apparently rejecting the ZBA's conclusion that the property was a nursing home at the time that the zoning law was enacted in 1963, independently determined that the property was used as a boarding house in 1963, but that its current use as a boarding house was nonetheless a nonconforming use because its "ownership, occupancy and usage

---

[1] This Court granted petitioner's motion for a preliminary injunction and enjoined respondents from removing the occupants of petitioner's property during the pendency of this appeal (2016 NY Slip Op 80417[U]).

. . . [was] far removed from what it was in 1963." This was improper. A reviewing court cannot, as the court did here, "search the record for a rational basis to support [an administrative agency's] determination, substitute its judgment for that of the [agency] or affirm the underlying determination upon a ground not invoked . . . in the first instance" (Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd., 95 AD3d 1402, 1404-1405 [2012]; Matter of Gilchrist v Town of Lake George Planning Bd., 255 AD2d 791, 792 [1998]).

Notwithstanding Supreme Court's error, our review of the ZBA's determination is restricted to whether it was rational and not arbitrary and capricious (see Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 972 [2016], appeal dismissed ___ NY3d ___ [Nov. 17, 2016]; Matter of Edscott Realty Corp. v Town of Lake George Planning Bd., 134 AD3d 1288, 1291 [2015]; Matter of Palladino v Zoning Bd. of Appeals of Town of Chatham, 39 AD3d 1004, 1006 [2007]). In recognition of the "undue financial hardship that immediate elimination of nonconforming uses would cause to property owners," nonconforming uses that predate the enactment of a zoning ordinance are constitutionally protected and will grudgingly be permitted to continue notwithstanding the contrary law of the ordinance (Matter of Toys R Us v Silva, 89 NY2d 411, 417 [1996]; see Matter of Pelham Esplanade v Board of Trustees of Vil. of Pelham Manor, 77 NY2d 66, 70 [1990]). However, "[t]he law . . . generally views nonconforming uses as detrimental to a zoning scheme, and the overriding public policy of zoning in New York State and elsewhere is aimed at their reasonable restriction and eventual elimination" (Matter of Toys R Us v Silva, 89 NY2d at 417; accord Buffalo Crushed Stone, Inc. v Town of Cheektowaga, 13 NY3d 88, 97 [2009]; see Matter of Avramis v Sarachan, 97 AD3d 874, 876 [2012], lvs denied 20 NY3d 852 [2012]). A preexisting nonconforming use is "closely restricted" such that it cannot be restored after substantial damage or conversion to a different nonconforming use and may be deemed abandoned following substantial discontinuation (Town of Canaan v S.C.L. Form Co., Inc., 32 AD3d 619, 621 [2006], lv denied 7 NY3d 714 [2006]; see Matter of Cioppa v Apostol, 301 AD2d 987, 989 [2003]).

Here, it is undisputed that the property currently operates as a boarding house, which provides its residents with, among other things, fully furnished rooms, daily meals, housekeeping services and sanitation and general maintenance of the premises. In determining that this constituted a change from the prior nonconforming use in violation of the City's zoning law, which expressly prohibited the substitution of nonconforming uses, the ZBA relied in part on the affidavit of a relative of the owner and operator of the property from the 1950s through the 1970s, a woman who also lived on the premises with her family for some period of time. This woman averred that the property was operated as "Garry's Nursing Home," which was corroborated by other documents in the record, and that nurses, including the owner, assisted residents with dressing, bathing and shaving, "doled out medication[]," "arrang[ed] . . . doctor's visits" for the residents, provided "proper medical attention when required" and ensured that residents did "not wander off into town and get lost."

The ZBA also relied on documentary evidence from a few years prior to 1963 and a few years after 1963 to corroborate the woman's assertion that the property had continuously operated as a nursing home through 1963. In particular, a 1958 compliance letter established that the property was subject to regulation under the Social Welfare Law. This letter advised Garry's Nursing Home that it was required to provide around-the-clock coverage by a licensed nurse, maintain appropriate medical records and dispose of narcotics properly. In addition, the premises was referred to as a nursing home in 1967, 1968 and 1972 inspection letters, with one of these letters also acknowledging the presence of bed-ridden patients.[2] In our view, there was sufficient evidence in the record for the ZBA to have rationally concluded that the property was no longer being used as a nursing home as it had been when the City's zoning law first came into existence in 1963 (see Matter of P.M.S. Assets v Zoning Bd. of

---

[2] Although the 1972 letter was before the ZBA, it was not included in the record on appeal. Nonetheless, its existence and contents are confirmed by other documents in the record on appeal.

Appeals of Vil. of Pleasantville, 98 NY2d 683, 685 [2002]; Matter of Campbell v Rose, 221 AD2d 527, 528 [1995]).  Accordingly, the ZBA's determination must be sustained.

While we have not discussed all of petitioner's arguments, we have reviewed them and found them to be lacking in merit.

Egan Jr., J.P., Rose, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court