Matter of Upper Del. Hospitality Corp. v Town of Tusten Zoning Bd. of Appeals (2024 NY Slip Op 00114)

Matter of Upper Del. Hospitality Corp. v Town of Tusten Zoning Bd. of Appeals

2024 NY Slip Op 00114

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

CV-23-0276
[*1]In the Matter of Upper Delaware Hospitality Corp., Respondent,
v
Town of Tusten Zoning Board of Appeals et al., Respondents, and Brendan P. Weiden et al., Appellants.

Calendar Date:November 20, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

J & G Law, LLP, Walden (J. Benjamin Gailey of counsel), for appellants.
Drew, Davidoff & Edwards Law Offices, LLP, Monticello (Michael Davidoff of counsel), for Upper Delaware Hospitality Corp., respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Mark M. Meddaugh, J.), entered July 22, 2022 in Sullivan County, which granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondent Town of Tusten Zoning Board of Appeals to hear an appeal filed by respondents Brendan P. Weiden and Kathleen M. Weiden.
In August 2020, the Town of Tusten Planning Board approved an application for a special use permit to convert part of certain real property into an eating and drinking establishment. Respondent James Crowley, the building inspector and code enforcement officer for the Town of Tusten, issued a building permit in October 2020 allowing the property to be renovated in accordance with the special use permit. Following the renovation, Crowley, in October 2021, issued a certificate of occupancy to petitioner, which had purchased the subject property at some point after the issuance of the building permit. Respondents Brendan P. Weiden and Kathleen M. Weiden (hereinafter collectively referred to as respondents), who are lessees of property located across the street from the subject property, submitted an appeal to respondent Town of Tusten Zoning Board of Appeals (hereinafter the ZBA) in January 2022, challenging the issuance of the certificate of occupancy. At a February 2022 meeting, the ZBA, in a 4 to1 vote, passed a resolution dismissing respondents' appeal on the basis that it was untimely. Later at that same meeting, however, the ZBA passed another resolution, also in a 4 to 1 vote, to abandon its earlier decision to dismiss respondents' appeal. The ZBA scheduled the rehearing of such appeal for March 2022.
Prior to that scheduled rehearing, petitioner commenced this CPLR article 78 proceeding and action for declaratory judgment, via order to show cause, seeking to annul the ZBA's determination to rehear respondents' appeal, to declare the issued certificate of occupancy to be in full force and effect and to declare any attempt by respondents to appeal the issuance of the certificate of occupancy to be null and void. In conjunction with this, Supreme Court stayed the rehearing of respondents' appeal to the ZBA. Respondents opposed. The court ultimately granted the petition. In so doing, the court annulled the ZBA's resolution to abandon its initial resolution and rehear respondents' appeal, declared the ZBA's initial resolution to dismiss respondents' appeal to be in full force and effect and found that respondents' appeal was barred by laches. This appeal by respondents ensued.
As an initial matter, to the extent that Supreme Court found that respondents' appeal was barred by laches, this was error. In this regard, there was no resolution adopted by the ZBA resolving respondents' appeal. Rather, the ZBA merely scheduled the rehearing of respondents' appeal for a later date. Moreover, the court, in reviewing the ZBA's determination, was limited to the grounds [*2]invoked by the ZBA (see Matter of Tri-Serendipity, LLC v City of Kingston, 145 AD3d 1264, 1266 [3d Dept 2016]; Matter of First Natl. Bank of Downsville v City of Albany Bd. of Zoning Appeals, 216 AD2d 680, 681 [3d Dept 1995]). Because there is no indication that any dismissal of respondents' appeal by the ZBA was based on laches grounds, the court erred in so holding.
Notwithstanding the foregoing, Supreme Court correctly granted the petition. As to the ZBA's resolution to abandon its initial decision to dismiss respondents' appeal, any member of the ZBA may move to have a rehearing of "any order, decision or determination of the ZBA not previously reviewed" (Code of the Town of Tusten § 300-11.8; see Town Law § 267-a [12]). For a rehearing to occur, the motion must be "adopted by unanimous vote of the members present, but not less than a majority of all the members" (Code of the Town of Tusten § 300-11.8; see Town Law § 267-a [12]). The record reflects that all members of the ZBA were present at the February 2022 meeting. After initially dismissing respondents' appeal, one of the ZBA members moved to abandon that decision and, in essence, rehear the initial resolution. The ZBA adopted a resolution passing that motion with four members voting in favor of it and one member voting against it. Because the vote to have a rehearing was not unanimous, it did not comply with applicable provisions of the Town of Tusten Zoning Law (see Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals, 169 AD2d 73, 77 [3d Dept 1991], lv dismissed 79 NY2d 822 [1991]). As such, the court correctly annulled the resolution to rehear respondents' appeal of the issuance of the certificate of occupancy and declared the initial resolution dismissing the appeal to be in full force and effect.[FN1]
Clark, J.P., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: In view of our determination herein, petitioner's statute of limitations contention is academic.