■ In the Matter of HENRY FINGER, Respondent, v HERBERT LEVENSON et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Zoning Board of Appeals of the Town of Putnam Valley dated October 14, 1987, as imposed conditions upon the granting of a use variance to the petitioner, which was adhered to after a rehearing on February 18, 1988, the appeal is from a judgment of the Supreme Court, Putnam County (Dickinson, J.), entered February 27, 1989, which annulled so much of the determination as imposed the conditions.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed insofar as reviewed and the proceeding is dismissed on the merits.

The respondent Zoning Board of Appeals of the Town of Putnam Valley contends that the conditions it imposed upon granting the petitioner a use variance were reasonable and supported by substantial evidence. We agree and find that the judgment annulling the conditions should be reversed and the petition dismissed.

In reviewing a determination by a zoning board, courts should presume that the decision was correct (see, 2 Anderson, New York Zoning Law and Practice § 26.17 [3d ed]). A determination of a zoning board will not be set aside unless there exists a clear abuse of discretion, or an illegal or arbitrary action. The determination must be upheld as long as there is a rational basis for it and it is supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Cowan v Kern, 41 NY2d 591). Further, it is settled that a zoning board may impose conditions in conjunction with granting a variance, as long as the conditions are reasonable and relate only to the real estate involved, without regard to the person who owns or occupies it (see, Matter of St. Onge v Donovan, 71 NY2d 507; Matter of Dexter v Town Bd., 36 NY2d 102, 105; see also, Town Law § 267).

In the instant case, the subject premises occupy an area zoned for single-family dwellings. Despite finding that the

petitioner altered the premises without obtaining the requisite approval, the Zoning Board of Appeals granted the petitioner a use variance to use the premises as two dwelling units and a store selling antiques. The variance was conditioned, *inter alia*, upon the antiques store occupying no more than 25% of the total floor space of the dwelling and upon the property owner residing in one of the dwelling units. These conditions were reasonably related to the purposes underlying the zoning code. Therefore, the Supreme Court erred in vacating the conditions. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.