■ In the Matter of STERLING CONCERNED CITIZENS et al., Appellants, v WILLIAM PELL III et al., Respondents, and TIDAL PROPERTIES, INC., Intervenor-Respondent. [612 NYS2d 425] —In a proceeding pursuant to CPLR article 78 to set aside Local Laws, 1986, No. 5 of the Incorporated Village of Greenport, as adopted by the respondent Board of Trustees of the Incorporated Village of Greenport, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Lama, J.), dated August 18, 1992, which granted the cross motions of the respondents and the respondent-intervenor to dismiss the petition as time-barred.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the motions to dismiss are denied, and the matter is remitted to the Supreme Court, Suffolk County, for proceedings consistent herewith.

At a public hearing held on October 9, 1986, the respondents-respondents, constituting the Board of Trustees of the Incorporated Village of Greenport (hereinafter the Board), issued a negative declaration pursuant to ECL article 8 with respect to Local Laws, 1986, No. 5 of the Incorporated Village of Greenport. The local law provided for the rezoning of a vacant lot owned by the respondent-intervenor, Tidal Properties, Inc., a/k/a Winter Harbor Fisheries (hereinafter Tidal), reclassifying the lot from two family residential (R-2) to water front commercial (W-C). At the same meeting, the Village Board enacted the local law and granted the intervenor's change of zone application. However, for reasons not entirely clear, the Board did not file the local law with the office of the

Secretary of State pursuant to Municipal Home Rule Law § 27, until December 1991.

In January 1992 the petitioners brought the instant proceeding challenging the negative declaration, and Local Laws, 1986, No. 5 of the Incorporated Village of Greenport. Both the Board and the intervenor moved to dismiss the petition as time-barred, and the court granted the motions, finding the requirement pursuant to Municipal Home Rule Law § 27 was merely ministerial in nature. We now reverse.

Municipal Home Rule Law § 27 (3) specifically provides as follows: "Notwithstanding the effective date of any local law, *a local law shall not become effective before it is filed in the office of the secretary of state"* (emphasis supplied). In addition, "a proceeding alleging SEQRA violations in the enactment of legislation must be commenced within four months of the date of the enactment of the ordinance" *(Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 200; *Naftal Assocs. v Town of Brookhaven,* 173 AD2d 799, 800; *Clempner v Town of Southold,* 154 AD2d 421, 423).

Applying these principles to the case at bar, we note that pursuant to the clear language of Municipal Home Rule Law § 27 (3), Local Laws, 1986, No. 5 of the Incorporated Village of Greenport was not enacted until December 1991 when it was finally filed with the office of the Secretary of State. Therefore, the instant proceeding was commenced within the four-month period within which "a proceeding alleging SEQRA violations in the enactment of legislation must be commenced" *(Matter of Save the Pine Bush v City of Albany, supra,* at 200). Accordingly, the petition should not have been dismissed as time-barred. Ritter, J. P., Copertino, Santucci and Hart, JJ., concur.