■ In the Matter of IRA WICKES, JR., et al., Respondents, v DENNIS KAPLAN et al., Appellants. [758 NYS2d 383] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Wesley Hills dated July 27, 2001, which, inter alia, determined that the petitioners' use of the subject property was "not a legally established non-conforming use," the appeal is from (1) an order of the Supreme Court, Rockland County (Kelly, J.), dated December 6, 2001, which granted the petition and annulled the determination, and (2) a judgment of the same court dated January 28, 2002, entered upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because no appeal lies as of right from an order in a proceeding

pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]), and, in any event, any right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The petitioners, Ira Wickes, Jr., and Rockland Tree Expert Co., Inc. (hereinafter collectively referred to as Wickes), currently operate a plant nursery and arborist business on the subject property located in the Village of Wesley Hills, which is within the Town of Ramapo. Wickes has operated a plant nursery business at this site since 1972 when he obtained a site plan approval from the Town for use of the property as a "plant nursery." In 1984 the Village adopted its own zoning law, and plant nurseries were no longer permitted in Wickes' zoning district.

Beginning in 2000, the Village's building inspector issued a number of appearance tickets to Wickes for violations of its zoning code provisions. The Village charged, inter alia, that Wickes had intensified a legal, nonconforming plant nursery use to a commercial logging and chipping arborist business. Thereafter, Wickes appealed the issuance of the tickets to the Village Zoning Board of Appeals (hereinafter the ZBA). The ZBA found, inter alia, that the current use of the premises for arborist use was "not a legally established non-conforming use." Wickes then commenced this CPLR article 78 proceeding, arguing that its arborist operation is a legal nonconforming use pursuant to the zoning code of the Town which had issued approval for a "plant nursery." The Supreme Court annulled the determination. We reverse.

Local zoning boards have broad discretion and "judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (*Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]). "Thus, a determination of a zoning board should be sustained upon judicial review if it has a rational basis and is supported by substantial evidence" (*Ifrah v Utschig, supra* at 308).

In the case at bar, the 1972 Town site plan approval did not specifically permit "arborist" activities on the subject property (*see Matter of Rudolf Steiner Fellowship Found. v De Luccia,* 90 NY2d 453, 458 [1997]). Consequently, the ZBA's determination that Wickes' arborist business constituted an illegal nonconforming use of the property was both rational and supported by substantial evidence since such use was not legal at

its inception. Accordingly, the Supreme Court improperly substituted its own judgment for that of the ZBA (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190, 196 [2002]). Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.