■ In the Matter of MARY S. ZUPA, Appellant, v ZONING BOARD OF APPEALS OF TOWN OF SOUTHOLD et al., Respondents. [817 NYS2d 672]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Southold dated August 2, 2004, which, inter alia, granted the petitioners' application for an area variance to permit construction of a single-family home on the condition that no building permit be issued until a nonconforming marina use is discontinued or a variance is granted permitting the marina use in conjunction with the residential use, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Loughlin, J.), entered May 26, 2005, which denied the petition, confirmed the determination, and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

When reviewing a determination of a zoning board, a court is limited to determining whether the zoning board's action is illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]). The determination of a zoning board regarding the continuation of a preexisting nonconforming use must be sustained if it is rational and is not illegal or an abuse of discretion, even if the reviewing court would have reached a different result (*see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville,* 98 NY2d 683, 685 [2002]). Moreover, a zoning board may impose conditions when granting a variance, as long as the conditions are reasonable and are directly related to the real estate involved, without regard to the person who owns or occupies it, and to the underlying purpose of the zoning code (*see Matter of St. Onge v Donovan,* 71 NY2d 507, 515 [1988]; *Matter of Finger v Levenson,* 163 AD2d 477 [1990]). Based on our review of the record, the determination of the respondent Zoning Board of Appeals of the Town of Southold was rational and was not illegal or an abuse of discretion, and the condition imposed was reasonable and directly related to the use of the land and the underlying purpose of the zoning code. Accordingly, the Supreme Court properly denied the petition, confirmed the determination, and dismissed the proceeding.

We do not pass on the issue of the legality of a certain nonconforming marina, the subject of which is being litigated in an action entitled *Zupa v Paradise Point Assn.,* pending in the Supreme Court, Suffolk County, under index No. 25843/02. Miller, J.P., Adams, Goldstein and Covello, JJ., concur.