■ In the Matter of RJA HOLDING INC., Respondent, v TOWN OF WAPPINGERS ZONING BOARD OF APPEALS et al., Appellants.
[830 NYS2d 321]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Wappinger Zoning Board of Appeals, incorrectly sued herein as Town of Wappingers Zoning Board of Appeals, dated March 2, 2005, that the use of certain real property by RJA Holding Inc., is not a continuation of a preexisting nonconforming use, the appeal is from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated November 15, 2005, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

Pursuant to the zoning code of the Town of Wappinger, a nonconforming use may be changed only to a use that conforms to the substantive provisions of the zoning code (Town of Wappinger Zoning Code § 240-16 [C] [3]). "Although . . . a continuation of use exists where the proposed use is 'substantially the same' as that which previously existed and where the 'essential character' of the use is not to be changed . . . a new nonconforming use may not be substituted for it 'despite its generic similarity' " (*Matter of Oreiro v Board of Appeals of City of White Plains*, 204 AD2d 964, 964-965 [1994] [citations omitted]). "The determination of a zoning board regarding the continuation of a preexisting nonconforming use must be sustained if it is rational and is not illegal or an abuse of discretion, even if the reviewing court would have reached a different result" (*Matter of Zupa v Zoning Bd. of Appeals of Town of Southold*, 31 AD3d 570, 571 [2006]).

As the appellants correctly contend, the evidence before the Town of Wappinger Zoning Board of Appeals, incorrectly sued herein as Town of Wappingers Zoning Board of Appeals (hereinafter the Zoning Board), established that the current use of the property as offices for two separate businesses—a construction company and a real estate company—and for the regular, if

infrequent, delivery, storage, and distribution of kitchen cabinets, was not substantially the same as its prior use by one business for the sale of office equipment and supplies. Therefore, the determination of the Zoning Board was rational and was not illegal or an abuse of discretion. Accordingly, the Supreme Court erred in annulling the determination. Miller, J.P., Spolzino, Angiolillo and Dickerson, JJ., concur.