■ In the Matter of ALFRED L. JACOBSEN, Appellant, v TOWN OF BEDFORD ZONING BOARD OF APPEALS et al., Respondents. [873 NYS2d 221]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Bedford Zoning Board of Appeals dated November 9, 2006, which, after a hearing, determined that the use of a portion of certain real property by the respondent GHP Bedford, LLC, also known as GHP Realty as a commercial parking lot in a residential zoning district was a legal preexisting nonconforming use, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered July 31, 2007, as amended November 28, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment, as amended, is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

GHP Bedford, LLC, also known as GHP Realty (hereinafter

GHP), owns a parcel of real property in the Town of Bedford which is located partially in the Neighborhood Business (hereinafter NB) zoning district and partially in the residence two-acre (hereinafter R-2A) zoning district. The property is improved, inter alia, with two parking lots which require payment for use. For convenience, the parking lots were labeled as lot A and lot B by the Town of Bedford Zoning Board of Appeals (hereinafter the ZBA). Lot A is on the portion of the property zoned NB, and lot B is on the portion zoned R-2A. As relevant here, the Town's current zoning ordinance, which was adopted on January 18, 1983, provides that parking for a nonresidential use shall not be located in any residence district (see Town of Bedford Code § 125-102 [B] [1]).

The ZBA determined that the use of lot B as a commercial parking lot was a legal preexisting nonconforming use. The petitioner commenced this proceeding to review that determination. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

The determination of a zoning board regarding the continuation of a preexisting nonconforming use must be sustained if it is rational and is not illegal or an abuse of discretion, even if the reviewing court would have reached a different result (see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville, 98 NY2d 683, 685 [2002]; Matter of RJA Holding Inc. v Town of Wappingers Zoning Bd. of Appeals, 37 AD3d 724, 724 [2007]; Matter of Zupa v Zoning Bd. of Appeals of Town of Southold, 31 AD3d 570, 571 [2006]). In this case, the challenged determination was rational and not illegal or an abuse of discretion.

To the extent the petition may be construed as challenging any purported action or determination on the part of the ZBA with respect to lot A, we note that the determination dated November 9, 2006, only concerned lot B.

The petitioner's remaining contentions either are without merit or concern matters that are dehors the administrative record. Dillon, J.P., Ritter, Florio and Miller, JJ., concur.