In the Matter of NEIL MARCUS et al., Appellants, v BOARD OF TRUSTEES OF VILLAGE OF WESLEY HILLS et al., Respondents. [878 NYS2d 779]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Trustees of the Village of Wesley Hills dated June 13, 2006, adopting a resolution enacting Local Law No. 3 (2006) of the Village of Wesley Hills, which amended the zoning law to authorize additional special permit uses, and action, among other things, for a judgment declaring that Local Law No. 3 (2006) of the Village of Wesley Hills is null and void, the petitioners/plaintiffs appeal (1) from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Berliner, J.), dated May 14, 2007, as, in effect, granted those branches of the motion of the Board of Trustees of the Village of Wesley Hills and those branches of the separate motion of Ira Wickes and Rockland Tree Expert, Inc., doing business as Ira Wickes Arborist which were to dismiss the first, seventh, and eighth causes of action insofar as asserted against them as time-barred, the fourth cause of action insofar as asserted against them, pursuant to CPLR 3211 (a) (1), and the fifth, sixth, ninth, tenth, eleventh, and twelfth causes of action insofar as asserted against them for failure to state a cause of action, and dismissed those causes of action, and (2), by permission, from so much of an order of the same court dated December 18, 2007, as, upon reargument, adhered to the original determination.

Ordered that the order and judgment dated May 14, 2007, is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the Board of Trustees of the Village of Wesley Hills and those branches of the separate motion of Ira Wickes and Rockland Tree Expert, Inc., doing business as Ira Wickes Arborist, which were to dismiss the first, seventh, and eighth causes of action insofar as asserted against them as time-barred and the fourth cause of action insofar as asserted against them pursuant to CPLR 3211 (a) (1) and dismissing those causes of action, and substituting therefor a provision denying those branches of the motions; as so modified, the order and judgment dated May 14, 2007, is affirmed insofar as appealed from, without costs or disbursements, and the order dated December 18, 2007, is modified accordingly; and it is further,

Ordered that the appeal from the order dated December 18, 2007, is dismissed as academic in light of our determination of the appeal from the order and judgment dated May 14, 2007.

Ira Wickes and Rockland Tree Expert, Inc., doing business as Ira Wickes Arborist (hereinafter together Wickes), operate a plant nursery and arborist business on a parcel of real property (hereinafter the premises) located in the R-35 zoning district of the Village of Wesley Hills. In 2001, the Village Zoning Board of Appeals determined that Wickes' use of the premises for arborist use was not a legally established nonconforming use. This Court confirmed that determination in an order dated April 21, 2003 (*see Matter of Wickes v Kaplan,* 304 AD2d 769 [2003]).

At a "special meeting" of the Village's Board of Trustees (hereinafter the Board) on April 26, 2004, the Board adopted a resolution approving a proposed stipulation of settlement (hereinafter the stipulation) in a zoning enforcement proceeding pending in the Village of Wesley Hills Justice Court (hereinafter the Justice Court) based upon charges that Wickes had illegally expanded a prior nonconforming use of the premises. Under the terms of the stipulation, which was "so ordered" by the Justice Court on September 8, 2004, the Village agreed to dismiss the charges against Wickes and to refrain from taking "any governmental action" related to Wickes' use of the premises, within certain enumerated limitations, while the Village considered adopting an amendment to its zoning law to create a new special permit use in the R-35 zoning district. In the event the Village determined not to approve the amendment, or if the Village adopted the amendment but the Village Planning Board denied Wickes' application for a special permit thereunder, Wickes would be required to wind up business operations at the premises.

At a meeting on June 13, 2006, the Board adopted a resolution enacting Local Law No. 3 (2006) of the Village of Wesley Hills (hereinafter the Local Law). The Local Law amended the village zoning law by adding "Arborist Services, Landscape Services, and/or Wholesale Nurseries" as a special permit use within the R-35 zoning district. The Village filed the Local Law with the office of the Secretary of State on July 3, 2006.

On October 27, 2006, the petitioners/plaintiffs (hereinafter the petitioners), all of whom own residential real property near the premises, commenced this hybrid proceeding and action seeking, inter alia, CPLR article 78 review and declaratory relief based upon their procedural and substantive challenges to the Board's determination to enter into the stipulation and its enactment of the Local Law. The Board and Wickes separately moved to dismiss the petition/complaint, arguing, among other things, that the causes of action therein were time-barred and/or that the petition/complaint failed to state a cause of action. In an order and judgment dated May 14, 2007, the Supreme Court granted certain branches of their respective motions and dismissed 10 of the 12 causes of action set forth in the petition/complaint. Upon reargument, the Supreme Court adhered to its original determination. We modify.

We agree with the Supreme Court that the petitioners failed to state a cause of action under the tenth cause of action, albeit for a different reason. Under the tenth cause of action, the petitioners alleged that the Board had granted Wickes a "de facto variance" through the stipulation in excess of its jurisdiction. In support of this claim, the petitioners alleged that the stipulation had permitted Wickes to continue his illegal arborist activities at the premises in violation of the village zoning law. However, while the allegations in a complaint are to be accepted as true when considering a motion to dismiss, "factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Dinerman v Jewish Bd. of Family & Children's Servs., Inc.*, 55 AD3d 530, 531 [2008] [internal quotation marks omitted]). Here, contrary to the allegations of the petitioners, the terms of the stipulation did not give Wickes permission to violate the village zoning law (*cf. Matter of Buckley v Town of Wappinger*, 12 AD3d 597, 598 [2004]; *Town of Smithtown v Haynes*, 278 AD2d 312, 313-314 [2000]).

However, contrary to the Supreme Court's determination, the eighth cause of action, alleging that the Board violated the State Environmental Quality Review Act (ECL art 8, hereinafter SEQRA) in enacting the Local Law, was not time-barred. "[A] proceeding alleging SEQRA violations in the enactment of

legislation must be commenced within four months of the date of enactment of the ordinance" (*Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 200 [1987]; *see Matter of Sterling Concerned Citizens v Pell,* 204 AD2d 730, 731 [1994]). Additionally, Municipal Home Rule Law § 27 (3) provides that "[n]otwithstanding the effective date of any local law, a local law shall not become effective before it is filed in the office of the secretary of state." Applying these principles to the instant matter (*see Matter of Sterling Concerned Citizens v Pell,* 204 AD2d at 731), the Local Law was not enacted until July 3, 2006, when the Village filed it with the Secretary of State. Since the petitioners commenced this proceeding on October 27, 2006, less than four months later, the eighth cause of action was not time-barred. For the same reason, the first and seventh causes of action, raising challenges to the enactment of the Local Law pursuant to CPLR article 78, were also timely under the four-month statute of limitations applicable to CPLR article 78 proceedings (*see* CPLR 217 [1]).

The Supreme Court erred in concluding that the fourth cause of action should be dismissed pursuant to CPLR 3211 (a) (1). Under the fourth cause of action, the petitioners alleged that the Board failed to comply with General Municipal Law § 239-m (6) in enacting the Local Law. Under General Municipal Law § 239-m (6), where a municipality has referred a proposed zoning action to a county planning agency for review (*see* General Municipal Law § 239-m [2], [3], [4]), "[w]ithin thirty days after final action, the referring body shall file a report of the final action it has taken with the county planning agency" (General Municipal Law § 239-m [6]). Here, the Board submitted evidence that it sent the proposed Local Law to the Rockland County Department of Planning before adopting the resolution to enact it. However, neither the Board nor Wickes proffered any documentary evidence that the Village complied with the filing requirement of General Municipal Law § 239-m (6) (*see* CPLR 3211 [a] [1]).

The petitioners' remaining contentions are without merit. Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.