■ In the Matter of NEIL MARCUS et al., Respondents, v BOARD OF TRUSTEES OF VILLAGE OF WESLEY HILLS et al., Appellants. [947 NYS2d 591]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Trustees of the Village of Wesley Hills dated June 13, 2006, adopting a resolu-

tion enacting Local Law No. 3 (2006) of the Village of Wesley Hills, which amended the zoning law to authorize additional special permit uses, and action for a judgment declaring that Local Law No. 3 (2006) of the Village of Wesley Hills is null and void as unlawful spot zoning, (1) the Board of Trustees of the Village of Wesley Hills appeals, and Ira Wickes and Rockland Tree Expert, Inc., doing business as Ira Wickes Arborist, separately appeal, from a judgment of the Supreme Court, Rockland County (Walsh, J.), dated April 15, 2010, which granted the petition to the extent of annulling Local Law No. 3 (2006) of the Village of Wesley Hills, and (2) Ira Wickes and Rockland Tree Expert, Inc., doing business as Ira Wickes Arborist, appeal from an order of the same court dated May 12, 2011, which denied their motion for leave to renew their opposition to the petition.

Ordered that the judgment is reversed, on the law, the petition is denied, the proceeding is dismissed, and it is declared that Local Law No. 3 (2006) of the Village of Wesley Hills is not null and void as unlawful spot zoning; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment; and it is further;

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The facts of this matter are set forth in our decision and order on a prior appeal (see Matter of Marcus v Board of Trustees of Vil. of Wesley Hills, 62 AD3d 799 [2009]).

The Supreme Court incorrectly determined that the adoption by the Board of Trustees of the Village of Wesley Hills (hereinafter the Board) of a resolution enacting Local Law No. 3 (2006) of the Village of Wesley Hills (hereinafter the Local Law) constituted unlawful spot zoning. "The Local Law[, which added] 'Arborist Services, Landscape Services, and/or Wholesale Nurseries' as a special permit use within the R-35 zoning district" (Matter of Marcus v Board of Trustees of Vil. of Wesley Hills, 62 AD3d at 801) did not allow for a use which was totally different from that allowed in the surrounding area and was in conformity with the comprehensive plan of the Village of Wesley Hills (see Rodgers v Village of Tarrytown, 302 NY 115 [1951]; Matter of Stone v Scarpato, 285 AD2d 467 [2001]). Although there is no doubt that the Local Law was adopted primarily for the benefit of the plant nursery and arborist business operated by Ira Wickes and Rockland Tree Expert, Inc., doing business as Ira Wickes Arborist (hereinafter together Wickes), zoning changes are not invalid merely because a single parcel is

involved in or benefitted by said changes (*see Rodgers v Village of Tarrytown*, 302 NY at 124). In any event, the Local Law applies to all parcels in the R-35 zoning district which meet certain requirements, and it is undisputed that the special permit it authorizes could be utilized by two other properties within the Village (*id.*). Also, there is no evidence in the record that Wickes's use of the property in compliance with the Local Law and a special permit issued thereunder would be detrimental to owners of other properties in the area (*id.*).

Contrary to the contentions of the petitioners/plaintiffs (hereinafter the petitioners), the Board complied with the State Environmental Quality Review Act (ECL art 8 when it issued a negative declaration concluding that the enactment of the Local Law would have no adverse environmental impacts or that the identified adverse environmental impacts would not be significant (*see* 6 NYCRR 617.7 [a] [2]). The record reflects that the Board "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for their determination" (*Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 363-364 [1986], quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986] [internal quotation marks omitted]; *see Matter of Concerned Citizens of Val. Stream v Bond*, 282 AD2d 532 [2001]). The record also reveals that the Board's deferral of site-specific review of certain environmental issues to the Village's Planning Board, upon its consideration of individual special permit applications, was no less protective of the environment (*see* 6 NYCRR 617.3 [g] [1]).

There is no merit to the petitioners' contention that the Local Law should be annulled due to the Board's failure to timely file a report of the final action it had taken in connection with the Local Law with the Rockland County Department of Planning within 30 days after the final action pursuant to General Municipal Law § 239-m (6). Under the circumstances of this case, where the Board otherwise complied with the referral provisions of General Municipal Law § 239-m and there is no claim of prejudice, the Board's failure to timely file a report of the final action with the Rockland County Department of Planning after adopting the Local Law was a mere procedural irregularity (*cf. Matter of Zelnick v Small*, 268 AD2d 527, 529 [2000]; *Matter of Ernalex Constr. Realty Corp. v City of Glen Cove*, 256 AD2d 336, 338 [1998]).

The petitioners' remaining contentions are without merit.

Accordingly, the petition must be denied and the proceeding dismissed, and, in the interest of judicial economy, for the same

reasons as set forth in connection with the CPLR article 78 proceeding, the declaratory judgment action will be decided by declaring that the Local Law is not null and void as unlawful spot zoning. Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.