In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York dated May 10, 2011, made after a hearing, which denied the petitioner’s appeal from determinations of the Department of Buildings of the City of New York revoking certain permits previously granted to the petitioner, the appeal is from a judgment of the Supreme Court, Kings County (Kramer, J.), dated May 3, 2012, which granted the petition and annulled the determination.
Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.
The petitioner obtained construction permits in connection with the renovation of her real property in Brooklyn. After the petitioner’s permits were later revoked by the New York City Department of Buildings (hereinafter the DOB), the petitioner appealed to the Board of Standards and Appeals of the City of New York (hereinafter the BSA), challenging the revocations. Following a hearing, the BSA denied the petitioner’s appeal, finding that the permits had been properly revoked. Thereafter, the petitioner commenced this CPLR article 78 proceeding, and the Supreme Court granted the petition and annulled the BSA’s determination.
Judicial review of a determination by the BSA “is limited to whether its determination was illegal, arbitrary [and capricious], or an abuse of discretion, and whether it had a rational basis and is supported by evidence in the record” (Matter of Menachem Realty Inc. v Srinivasan, 60 AD3d 854, 856 [2009]; see Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals, 95 NY2d 437 [2000]; Matter of Mainstreet Makeover 2, Inc. v Srinivasan, 55 AD3d 910, 914 [2008]).
In the present case, the BSA’s determination that the *965 petitioner’s “alteration type 3” permit was properly revoked by the DOB since it was erroneously issued without approval from the New York City Landmark Preservation Commission pursuant to Administrative Code of the City of New York § 25-305 (b) (1) was not illegal, not arbitrary and capricious, not an abuse of discretion, and had a rational basis. Additionally, the BSA’s determination that the petitioner’s “alteration type 1” permit was properly revoked by the DOB because the construction documents failed to comply with New York City Zoning Resolution § 25-621 (a) (3) likewise was not illegal, not arbitrary and capricious, not an abuse of discretion, and had a rational basis. In granting the petition, the Supreme Court improperly substituted its own judgment for that of the BSA (see Matter of Marino v Town of Smithtown, 61 AD3d 761, 762 [2009]; Matter of Wickes v Kaplan, 304 AD2d 769, 771 [2003]; Chera v Bennett, 166 AD2d 630 [1990]). Rivera, J.P, Lott, Roman and Cohen, JJ., concur.