■ In the Matter of East End Holdings, LLC, Appellant, v Village of Southampton Zoning Board of Appeals et al., Respondents. [24 NYS3d 140]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Southampton dated March 22, 2012, affirming a determination of the Building Inspector of the Village of Southampton that the use of a portion of real property owned by the petitioner was not a continuation of a preexisting nonconforming use, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered September 16, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner owns commercial property located in the business district of the Village of Southampton. The buildings on the property, which were constructed in 1976, contain several retail shops occupied by various tenants. In October 1982, the Code of the Village of Southampton was amended to prohibit retail stores from operating in units that are less than 800 square feet (see Code of Village of Southampton § 116-5 [B] [1]).

In 2008, the Village's Building Inspector, upon learning that one of the petitioner's tenants was operating a retail shop in a 100-square-foot unit (hereinafter the unit), notified the petitioner that the unit violated the zoning code. The petitioner appealed the Building Inspector's determination to the Village's Zoning Board of Appeals (hereinafter the ZBA), arguing that the nonconforming unit was a lawful, preexisting use. The petitioner contended that the unit had been used as a retail store since before it purchased the property in 1999. To support its argument, the petitioner relied upon, inter alia, an appraisal report that was performed in connection with its mortgage application in 1999 and a certificate of occupancy that had been issued prior to the closing. The appraisal report listed a 100-square-foot unit as occupied in 1999. The certificate of occupancy showed that the petitioner had the right to operate seven retail shops on the property. However, neither the appraisal report nor the certificate of occupancy included a floor plan that showed the layout of the seven shops that existed in 1999.

In response to the petitioner's argument, the Building Inspec-

tor referred to the documents on file with the Building Department, which included the 1999 certificate of occupancy and surveys from 1999 and 1981 showing the floor plan and layout of the seven stores on the property. These surveys did not include the 100-square-foot unit at issue. The Building Inspector determined that the certificate of occupancy issued in 1999 gave the petitioner the right to operate the seven retail stores depicted on the 1999 survey and that, since the unit was not one of those stores, the petitioner did not have a lawful preexisting right to use it.

The ZBA affirmed the Building Inspector's determination, finding that the petitioner did not prove that the unit had been separately used or occupied when the zoning code was amended in 1982, or that the certificate of occupancy issued in 1999 pertained to the unit. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78. The Supreme Court concluded that the ZBA's determination was not arbitrary and capricious, denied the petition, and dismissed the proceeding. The petitioner appeals.

"The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational" (*Matter of Waterways Dev. Corp. v Town of Brookhaven Zoning Bd. of Appeals*, 126 AD3d 708, 711 [2015]; *see Matter of Jacobsen v Town of Bedford Zoning Bd. of Appeals*, 59 AD3d 622, 623 [2009]). "It is the law of this state that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance" (*Matter of Cinelli Family Ltd. Partnership v Scheyer*, 50 AD3d 1136, 1137 [2008] [internal quotation marks and citations omitted]; *see* Code of Village of Southampton § 116-19 [C]). "However, the owner must establish that the allegedly pre-existing use [or structure] was legal prior to the enactment of the prohibitive zoning ordinance which purportedly rendered it nonconforming" (*Matter of Keller v Haller*, 226 AD2d 639, 640 [1996]).

Here, the record is devoid of evidence demonstrating that the subject 100-square-foot unit existed and was being used as retail space in or before 1982 when the zoning code was amended to prohibit such use. Further, the ZBA rationally determined that the certificate of occupancy acquired by the petitioner in 1999 did not give it the right to use this particular unit as retail space. Based on the records on file at the Building Department, the certificate of occupancy gave the petitioner the right to use seven stores depicted on the 1999 survey. Since

the unit at issue was not portrayed on this survey, the certificate did not authorize its use. Therefore, it was not arbitrary and capricious or irrational for the ZBA to conclude that the petitioner's use of the subject unit was not the continuation of a legal, nonconforming use (*see Matter of Waterways Dev. Corp. v Town of Brookhaven Zoning Bd. of Appeals*, 126 AD3d at 711; *Matter of Jacobsen v Town of Bedford Zoning Bd. of Appeals*, 59 AD3d at 623; *Matter of Palm Mgt. Corp. v Goldstein*, 29 AD3d 801, 803 [2006], *affd* 8 NY3d 337 [2007]; *Matter of Wickes v Kaplan*, 304 AD2d 769, 770-771 [2003]). Dillon, J.P., Austin, Roman and Barros, JJ., concur.