Matter of Sullivan v Board of Appeals of the Town of Hempstead (2020 NY Slip Op 04480)





Matter of Sullivan v Board of Appeals of the Town of Hempstead


2020 NY Slip Op 04480


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-00817
 (Index No. 609514/08)

[*1]In the Matter of Kenneth Sullivan, respondent,
v
Board of Appeals of the Town of Hempstead, appellant.


Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Kenneth A. Gray and Darnell J. Morrow of counsel), for appellant.



DECISION & ORDER
In an proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Hempstead dated June 18, 2018, which, after a hearing, granted the petitioner's application for a use variance with the condition that the subject property be owner-occupied, the Board of Appeals of the Town of Hempstead appeals from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), dated December 10, 2018. The judgment granted the petition and annulled the portion of the determination which imposed the condition that the subject property be owner-occupied.
ORDERED that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.
In 2009, the petitioner acquired a certain property in Bellmore as an investment. While the property is located in an area zoned for single-family dwellings, it contains two separate units, both of which the petitioner had been renting out since acquiring the property.
The prior owner of the property had obtained a use variance allowing the property to be used as a two-family dwelling. The variance had to be renewed every five years, and imposed the condition that one of the two units be owner-occupied at all times. However, the use variance lapsed in 1996 after the prior owner failed to renew it.
In January 2018, the petitioner applied to the respondent, Board of Appeals of the Town of Hempstead (hereinafter the Board), to reinstate the use variance. After a hearing, the Board granted the variance, subject to the same owner-occupancy condition that had previously been imposed.
The petitioner thereafter commenced this proceeding, challenging only the Board's condition that the subject property be owner-occupied, on the ground that it was illegal and unenforceable as a matter of law. The Supreme Court granted the petition and annulled the condition. The Board appeals.
In reviewing a determination by a zoning board, courts should presume that the decision was correct (see Matter of Finger v Levenson , 163 AD2d 477). A determination of a zoning [*2]board will not be set aside in the absence of illegality, arbitrariness, or abuse of discretion, and will be sustained if it has a rational basis and is supported by evidence in the record (see Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals , 95 NY2d 437, 440; Matter of Finger v Levenson , 163 AD2d at 477). Further, a zoning board "may, where appropriate, impose reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property and aimed at minimizing the adverse impact to an area that might result from the grant of a variance or special permit" (see Matter of St. Onge v Donovan , 71 NY2d 507, 516 [internal quotation marks omitted]).
Contrary to the petitioner's contention, the Board's condition that the property be owner-occupied was neither illegal nor unenforceable as a matter of law (see Matter of Finger v Levenson , 163 AD2d 477; see also Kasper v Town of Brookhaven , 142 AD2d 213). The Board's remaining contention is without merit. Accordingly, the Supreme Court should not have granted the petition and annulled the condition.
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court