■ In the Matter of LAWRENCE W. BESTHOFF et al., Appellants, v. ZONING BOARD OF APPEALS OF THE TOWN OF CLARKSTOWN et al., Respondents.— In this proceeding pursuant to article 78 of the CPLR, to annul the respondent Zoning Board of Appeals' determination, dated February 7, 1969, which granted respondent Wyman's application for an extension of a nonconforming use of certain real property, petitioners appeal from (1) a judgment of the Supreme Court, Rockland County, dated July 3, 1969, which modified the determination so as to limit construction to 62 dwelling units, and (2) an order of said court dated August 11, 1969, which granted petitioners' motion for reargument, but adhered to the original decision. Appeal from judgment dismissed as academic, without costs. The judgment was superseded by the order made upon reargument. Appeal from so much of the order as granted reargument dismissed, without costs. Appellants were not aggrieved by that provision. Otherwise, order reversed, on the law, without costs, and petition granted to the extent of annulling the determination of the respondent Zoning Board of Appeals and remitting the matter to said respondent for a further hearing in accordance herewith and for a new determination. The respondent Zoning Board of Appeals found that the subject property had acquired a nonconforming use for 62 dwelling units. In our opinion there was no substantial evidence to support such a finding. A nonconforming use may not be established through an existing use of land which was commenced or maintained in violation of a zoning ordinance; any such use is not an existing lawful use within the meaning of an ordinance which protects existing lawful uses (Anderson, Zoning Law and Practice in New York, §§ 6.07–6.08). Here, the initial ordinance restricting the property in question was enacted in 1939. The record in this case does not adequately reveal the nature and extent of the use of the subject property at that time. However, since there was some evidence as to a valid nonconforming use prior to the enactment of the 1939 ordinance, this matter should be remitted to the respondent Zoning Board of Appeals for a further hearing and a definitive determination as to this point. Hopkins, Acting P. J., Munder, Kleinfeld, Brennan and Benjamin, JJ., concur.