In the Matter of DAVID QUATRARO et al., Respondents, v VILLAGE OF KENMORE ZONING BOARD OF APPEALS et al., Appellants. [716 NYS2d 508] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in granting the petition seeking to annul the January 6, 1999 decision of respondent Village of Kenmore Zoning Board of Appeals (Board of Appeals) denying the application of petitioners for a special use permit for the use of their property as a two-family residence. The determination was rendered upon a rehearing of petitioners' application (*see,* Village Law § 7-712-a [12]), following the previous denial of that application on July 21, 1998.

The Village of Kenmore Board of Trustees adopted a zoning ordinance in March 1928 establishing a "Residential District No. I" in which only single-family residences were allowed. In December 1959 the Village of Kenmore Board of Trustees adopted a new zoning ordinance that continued that District. From 1928 to the present, the subject property has been zoned for single-family use only.

The Board of Appeals originally denied petitioners' application in 1998 because petitioners did not establish that the use of the property as a two-family residence preexisted the adoption of the zoning ordinance in 1959. Although on the rehearing petitioners established that the subject property has been continually used as a two-family residence since 1950, the

Board of Appeals denied petitioners' application because the use of the property as a two-family residence in 1950 was illegal under the 1928 zoning ordinance.

Petitioners contend that the decision of the Board of Appeals upon the rehearing is arbitrary and capricious in light of its prior decision in 1998. We disagree. The Board of Appeals was not bound by its prior decision to grant petitioners' application upon proof establishing the use of the subject property as a two-family residence since 1950. Here, the original determination and the determination upon a rehearing arise from the same proceeding. "Based upon the express statutory authority of the [Board of Appeals] to reverse, modify or annul its original determination," we conclude that the principles of res judicata, as well as the doctrines of collateral estoppel and law of the case, are not applicable (*Matter of Ireland v Zoning Bd. of Appeals*, 195 AD2d 155, 158-159; *see,* Village Law § 7-712-a [12]). "A nonconforming use may not be established through an existing use of land which was commenced or maintained in violation of a zoning ordinance" (12 NY Jur 2d, Buildings, Zoning, and Land Controls, § 281; *see,* 1 Salkin, New York Zoning Law and Practice § 10:09 [4th ed]). Here, based upon the proof adduced at the rehearing, the Board of Appeals properly determined that the use of the subject property as a two-family residence was not a legal preexisting nonconforming use and thus properly denied petitioners' application for a special use permit. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—CPLR art 78.) Present—Pine, J. P., Wisner, Scudder and Kehoe, JJ.