OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division, Second Department, for consideration of issues raised but not determined on the appeal to that Court.
 

 In 1997, petitioner acquired a parcel of real property, improved with two structures and situated in a residentiallyzoned neighborhood. The previous owners of the property had operated commercial moving and storage businesses at the site, which use predated the adoption of the village zoning ordinance. For more than 70 years, the prior owners stored customers’ goods in the four-story warehouse and housed office operations in the smaller building. Aware of this nonconforming use in a single-family zoning district, petitioner purchased the parcel and established a lighting design and installation business on the site. Similar to its predecessors, petitioner maintains its offices in the smaller structure. It does not, however, rent space in the warehouse to storage customers. Instead, petitioner keeps its own equipment, inventory and supplies in the warehouse in order to provide its employees with access to such materials.
 

 As a result of neighborhood complaints, respondent Zoning Board of Appeals conducted public hearings and issued a resolution finding that petitioner had violated the municipal code by using the warehouse in a manner inconsistent with the prior nonconforming use of the building as a commercial mov
 
 *685
 
 ing and storage facility for customers’ goods. The Board further rejected petitioner’s application for a use variance. Petitioner commenced this CPLR article 78 proceeding challenging the Board’s determinations. Supreme Court annulled both resolutions, concluding that petitioner had not enlarged the legal nonconforming use and, in any event, was entitled to a use variance. The Appellate Division affirmed Supreme Court’s ruling that petitioner did not exceed the scope of the legal nonconforming use and therefore the Court did not address petitioner’s application for a use variance.
 

 While nonconforming uses of property are tolerated, the overriding policy of zoning is aimed at their eventual elimination
 
 (see e.g. Matter of Syracuse Aggregate Corp. v Weise,
 
 51 NY2d 278, 284 [1980]). However, the determination of a zoning board regarding the continuation of a preexisting nonconforming use must be sustained if it is rational and supported by substantial evidence, even if the reviewing court would have reached a different result
 
 (see Matter of Toys “R” Us v Silva,
 
 89 NY2d 411, 423 [1996]).
 

 In this case, there is record evidence supporting the Board’s conclusion that the current use of the warehouse is not qualitatively similar to the previous use and, consequently, petitioner impermissibly exceeded the scope of the prior nonconforming use
 
 (see Matter of Rosbar Co. v Board of Appeals of City of Long Beach,
 
 53 NY2d 623, 625 [1981];
 
 City of Buffalo v Roadway Tr. Co.,
 
 303 NY 453, 459-460, 462-463 [1952]). The Board could rationally find that the warehouse is no longer utilized for commercial moving and storage purposes because petitioner now uses the building in connection with the operation of its lighting design and installation business. Accordingly, the Zoning Board’s determination as to nonconforming use should not have been disturbed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
 

 Order reversed, etc.