■ In the Matter of P.M.S. Assets, Ltd., Respondent, v Zoning Board of Appeals of Village of Pleasantville, Appellant. [755 NYS2d 856] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Pleasantville, dated November 30, 1998, which found that the prior nonconforming use of the subject property had changed, and denied the petitioner's application for a use variance, the Zoning Board of Appeals of the Village of Pleasantville appeals from a judgment of the Supreme Court, Westchester County (Perone, J.), dated February 17, 2000, which granted the petition and annulled the determination. By decision and order of this Court, dated October 1, 2001, the judgment was affirmed (*see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville,* 287 AD2d 459 [2001]). By decision and order of the Court of Appeals, dated July 1, 2002, the decision and order of this Court was reversed, and the matter was remitted to this Court for consideration of the issues raised, but not determined, on the appeal to this Court (*see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville,* 98 NY2d 683 [2002]).

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner sought a use variance under Village Law § 7-712-b (2) (b). Under that statute, an applicant must demonstrate unnecessary hardship absent the variance. In order to prove such hardship, the applicant must establish that, with respect to each and every permitted use under applicable zoning regulations governing the subject property, (1) the applicant cannot realize a reasonable return, provided that lack

of return is substantial as demonstrated by competent financial evidence, (2) the alleged hardship is unique, and does not apply to a substantial portion of the district or neighborhood, (3) if granted, the use variance will not alter the essential character of the neighborhood, and (4) the alleged hardship has not been self-created.

The appellant Zoning Board of Appeals of the Village of Pleasantville (hereinafter the Board) determined, inter alia, that the petitioner did not demonstrate, through "competent financial evidence," that it could not realize a reasonable return on the subject property if it were devoted to single-family residential use. Its determination of that issue was not illegal, arbitrary or an abuse of discretion (see *Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *Matter of Fuhst v Foley,* 45 NY2d 441 [1978]). Accordingly, the Supreme Court erred in annulling that determination and in directing the Board to grant the petitioner a use variance. Ritter, J.P., Florio, H. Miller and Crane, JJ., concur.