■  MONTGOMERY GROUP, LLC, Appellant, v TOWN OF MONTGOMERY et al., Respondents. [772 NYS2d 94]—

In a hybrid action for a judgment declaring unconstitutional Local Law No. 3 (2002) of the Town of Montgomery, imposing a 180-day moratorium, as extended by Local Law No. 6 (2002) of the Town of Montgomery, on residential development plan review and approval, and proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Town

Board of the Town of Montgomery, dated August 1, 2002, which denied the petitioner's application for a variance from local laws, the petitioner appeals (1), as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated November 8, 2002, as denied its motion to preliminarily enjoin the respondent Town Board of the Town of Montgomery from enforcing the moratorium and, in effect, denied the petition and dismissed the proceeding, and (2) from stated portions of an order of the same court dated January 15, 2003.

Ordered that the appeal from the order dated January 15, 2003, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order and judgment dated November 8, 2002, is modified, on the law, by deleting the provision thereof, in effect, denying the petition and dismissing the proceeding and substituting therefor a provision granting the petition to the extent of annulling the determination of the respondent Town Board of the Town of Montgomery, dated August 1, 2002, denying the petitioner's application for a variance from the moratorium imposed by Local Law No. 3 (2002), as extended by Local Law No. 6 (2002), and directing that the variance from the moratorium be granted; as so modified, the order and judgment is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order and judgment as denied a preliminary injunction is dismissed, as academic, without costs or disbursements, in light of our determination.

The petitioner established its prima facie entitlement to a variance from Local Law No. 3 (2002), as extended by Local Law No. 6 (2002), which imposed a moratorium on the review and processing of its application for a special exception use permit and site plan approval. The petitioner demonstrated that it suffered extraordinary hardship, and that further review of its application for a special exception use permit for the Planned Adult Community would not adversely impact the health, safety, and general welfare of the town, and would not substantially undermine the land-use plan and revision process presently under review. The respondent Town Board of the Town of Montgomery (hereinafter the Town Board) concluded that the financial hardship incurred by the petitioner was not extraordinary, as the petitioner's proposed residential development plan "might be expected to gross in the neighborhood of 75 to 100 million dollars." No evidence was presented to support this

conclusion. The Town Board also determined that "it is impossible to ascertain" whether or not the proposed residential development plan will substantially undermine the land-use plan and revision process or will adversely impact the health, safety, and general welfare of the Town.

The Town Board's denial of the variance from the moratorium was not rational, as it was based on mere speculation and conjecture, and the petitioner established that it will suffer extraordinary hardship by denial of the variance (*see Matter of Jayne Estates v Raynor,* 22 NY2d 417, 424-425 [1968]; *Matter of J.P.M. Props. v Town of Oyster Bay,* 204 AD2d 722, 723 [1994]; *Matter of Triangle Inn v Lo Grande,* 124 AD2d 737, 738 [1986]; *Matter of Pluto's Retreat v Granito,* 80 AD2d 899, 900-901 [1981]). Consequently, the Supreme Court should have granted the petition to the extent of annulling the Town Board's determination and directing the Town Board to grant the variance.

In view of this determination, it is unnecessary to reach the petitioner's contention with respect to the denial of its motion for a preliminary injunction. We need not review the petitioner's claim to the special facts exception because it waived this claim in its reply affirmation in the event its variance application were to be granted. In any event, the claim is academic. Santucci, J.P., Adams, Crane and Cozier, JJ., concur.