In the Matter of SUSAN MARINO et al., Respondents, v TOWN OF SMITHTOWN et al., Appellants. [877 NYS2d 183]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Smithtown Board of Zoning Appeals dated February 14, 2007, which, after a public hearing, denied the petitioners' application for a certificate of existing use, the appeals are from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 19, 2007, which denied the motion of the Town of Smithtown, the Town of Smithtown Board of Zoning Appeals, and the Town of Smithtown Town Board pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition, and (2) a judgment of the same court dated February 26, 2008, which granted the petition, annulled the determination, and directed the Town of Smithtown Board of Zoning Appeals to issue the certificate of existing use.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed, as no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]).

The petitioners own and operate a hospice and rehabilitation center in their home, known as "Angel's Gate," for approximately 200 terminally-ill and disabled animals. The home is located in an R-43 residential zone in the Town of Smithtown. When the Town of Smithtown Building Department issued a notice of zoning violation, the petitioners applied to the Town of Smithtown Board of Zoning Appeals (hereinafter the Zoning Board) for a certificate of existing use on the ground that the animal hospice was a preexisting nonconforming use. When the Zoning Board denied their application, the petitioners commenced this proceeding pursuant to CPLR article 78 to review that determination.

Local zoning boards have broad discretion in considering applications for variances and interpretations of local zoning codes, and the scope of judicial review is limited to whether their action was arbitrary, capricious, illegal, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 771 [2005]).

In the present case, the Supreme Court improperly substituted its judgment for that of the Zoning Board, which had rationally concluded that Angel's Gate did not constitute a customary, accessory use of the premises or a lawful preexisting nonconforming use. In reaching that conclusion, the Zoning Board relied, in part, on the table of use regulations in the Town's zoning code, which expressly recites that animal hospitals, veterinarians, and kennels are not permitted in a residential zone and that "[a]ny land use not listed in this table is not permitted in any district." A nonconforming use may not be established where, as here, the existing use of the land was commenced or maintained in violation of a zoning ordinance (*see Matter of Rudolf Steiner Fellowship Found. v De Luccia,* 90 NY2d 453, 458 [1997]; *Matter of Quatraro v Village of Kenmore Zoning Bd. of Appeals,* 277 AD2d 1001, 1002 [2000]; *Matter of Besthoff v Zoning Bd. of Appeals of Town of Clarkstown,* 34 AD2d 782 [1970]).

In addition, the Supreme Court should not have considered the comments made by the Town Supervisor and the Town Attorney at a meeting of the Town of Smithtown Town Board on April 4, 2006 in response to complaints about Angel's Gate because those comments were not part of the record that was before the Zoning Board (*see Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals,* 43 AD3d 926, 930 [2007]; *Matter of Manzi Homes v Trotta,* 286 AD2d 737 [2001]), and they did not constitute an official or binding determination as to whether the land use was permitted (*see Incorporated Vil. of Asharoken v Pitassy,* 119 AD2d 404 [1986]). In any event, the Zoning Board was not estopped from enforcing the zoning code by those remarks, or by the Town's apparent acquiescence over a period of approximately 13 years (*see Matter of Parkview Assoc. v City of New York,* 71 NY2d 274, 282 [1988]; *City of Yonkers v Rentways, Inc.,* 304 NY 499, 505 [1952]; *Town of Putnam Val. v Sacramone,* 16 AD3d 669 [2005]; *Matter of Schaeffer v Zoning Bd. of Appeals of Town of Esopus,* 142 AD2d 848 [1988]).

In light of our determination, we need not review the propriety of the order denying the motion pursuant to CPLR 3211 (a) (7) to dismiss the petition. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.