# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1048**
**CA 11-00506**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF ERIN DEVOGELAERE,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

WEBSTER ZONING BOARD OF APPEALS,
RESPONDENT-RESPONDENT.

---

THE ANDERSON LAW FIRM, P.C., ROCHESTER (RICHARD F. ANDERSON OF COUNSEL), FOR PETITIONER-APPELLANT.

CHARLES J. GENESE, TOWN ATTORNEY, WEBSTER, FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David Michael Barry, J.), entered January 14, 2011 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner owns property in the Town of Webster (Town) located in a Large Lot Single Family Residential District. Beginning in 2007, she rented the property for periods ranging from one night to approximately three months. In 2010 the Town amended its zoning ordinance to prohibit transient rental, i.e, "[r]ental of a dwelling unit for a period of less than 28 continuous days" (Code of the Town of Webster § 225-3; *see* § 225-80 [B]). Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination denying her "application to appeal" from the determination of the Town's Code Enforcement Official that her use of the property for transient rentals was not permitted and directing her to cease the offending use.

Supreme Court properly dismissed the petition. " '[A] zoning board's interpretation of its zoning ordinance is entitled to great deference . . . and judicial review is generally limited to ascertaining whether [its] action was illegal, arbitrary and capricious, or an abuse of discretion' " (*Matter of Falco Realty, Inc. v Town of Poughkeepsie Zoning Bd. of Appeals*, 40 AD3d 635, 636, *lv denied* 9 NY3d 807). Here, respondent reasonably determined that petitioner's serial rental of the subject property was prohibited under the zoning ordinance and that it did not constitute a legal nonconforming preexisting use, and thus petitioner had no right to continue such use (*see generally Matter of Marino v Town of Smithtown*,

61 AD3d 761, 762; *Matter of Quatraro v Village of Kenmore Zoning Bd. of Appeals*, 277 AD2d 1001).