■ In the Matter of STEPHEN TAVANO, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF PATTERSON, Appellant. [51 NYS3d 175]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Patterson dated February 18, 2015, which, after a hearing, determined that an existing second building on the petitioner's real property did not constitute a legal preexisting nonconforming use, the Zoning Board of Appeals of the Town of Patterson appeals from a judgment of the Supreme Court, Putnam County (Grossman, J.), dated August 19, 2015, which, inter alia, granted the petition, annulled the determination, and remitted the matter in order to allow the petitioner to be granted a variance pursuant to setback requirements.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner is the owner of real property commonly known as 17 Wesley Road, Brewster. The premises consist of approximately .23 acres and are improved by a single-family residential dwelling (hereinafter the bungalow) and a second, smaller residential dwelling (hereinafter the cottage). The bungalow was constructed in 1947 and has a floor area of approximately 1,100 square feet. The cottage was constructed in

or around 1955 and has a floor area of approximately 298 square feet. The petitioner lived in the bungalow and leased the cottage.

The petitioner submitted an application to the Zoning Board of Appeals of the Town of Patterson (hereinafter the ZBA) for a determination that the cottage constituted a legal preexisting nonconforming use in a single-family, residential zoning district. Following a hearing, the ZBA denied the application. The petitioner then commenced this proceeding pursuant to CPLR article 78 to annul the ZBA's determination. The Supreme Court granted the petition, annulled the ZBA's determination, and remitted the matter in order to allow the petitioner to be granted a variance pursuant to setback requirements. The ZBA appeals.

"A use of property that existed before the enactment of a zoning restriction that prohibits the use is a legal nonconforming use" (*Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southampton*, 137 AD3d 1289, 1291-1292 [2016] [internal quotation marks omitted]; *see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 417 [1996]). A nonconforming use may not be established through the existing use of land that was commenced or maintained in violation of a prior zoning ordinance (*see Matter of Rudolf Steiner Fellowship Found. v De Luccia*, 90 NY2d 453, 458 [1997]; *Matter of Marino v Town of Smithtown*, 61 AD3d 761, 762 [2009]; *Matter of Quatraro v Village of Kenmore Zoning Bd. of Appeals*, 277 AD2d 1001, 1002 [2000]). Thus, to establish a legal nonconforming use, a property owner must demonstrate that the allegedly preexisting use was legal prior to the enactment of the zoning ordinance that purportedly rendered it nonconforming (*see Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southampton*, 137 AD3d at 1293; *Matter of Keller v Haller*, 226 AD2d 639, 640 [1996]).

Here, the petitioner contended that his use of the cottage as a leased residential dwelling was a preexisting nonconforming use pursuant to the Town's 1942 zoning ordinance, which provided, inter alia, that a building, structure, or premises could be used as a rooming or boarding house so long as there were no more than three boarders or roomers.

"[T]he determination of a zoning board regarding the continuation of a preexisting nonconforming use must be sustained if it is rational and supported by substantial evidence, even if the reviewing court would have reached a different result" (*Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville*, 98 NY2d 683, 685 [2002]; *see Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southam-*

*pton*, 137 AD3d at 1292; *Matter of Jacobsen v Town of Bedford Zoning Bd. of Appeals*, 59 AD3d 622, 623 [2009]; *Matter of Zupa v Zoning Bd. of Appeals of Town of Southold*, 31 AD3d 570, 571 [2006]). Here, the ZBA's determination that the cottage did not constitute a rooming or boarding house under the 1942 zoning ordinance was not arbitrary and capricious. Accordingly, the ZBA's determination that the cottage did not constitute a legal preexisting nonconforming use should not have been disturbed (*see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville*, 98 NY2d 683 [2002]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.