Matter of Abbatiello v Town of N. Hempstead Bd. of Zoning Appeals (2018 NY Slip Op 05841)





Matter of Abbatiello v Town of N. Hempstead Bd. of Zoning Appeals


2018 NY Slip Op 05841


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-05090
 (Index No. 9768/15)

[*1]In the Matter of Bartolomeo Abbatiello, appellant,
v
Town of North Hempstead Board of Zoning Appeals, respondent.


Law Offices of Thomas F. Liotti, LLC, Garden City, NY, for appellant.
Elizabeth D. Botwin, Town Attorney, Manhasset, NY (Neera I. Roopsingh of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town of North Hempstead Board of Zoning Appeals dated August 12, 2015, denying a use variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Thomas Feinman, J.), dated February 8, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is granted, the determination of the Town of North Hempstead Board of Zoning Appeals dated August 12, 2015, is annulled, and the matter is remitted to the Town of North Hempstead for the issuance of the requested use variance.
The petitioner is the owner of real property located in the Town of North Hempstead. The petitioner's house was constructed in 1920, on a 5,000 square-foot lot, and is a two-family residence. It is located in what later became a business district. Prior to amendments to the Town Zoning Code in 1945, two-family residences were permitted on all 5,000 square-foot lots in the district. Current zoning laws, however, prohibit all residential use in that district.
When the petitioner purchased the property in 1977, he believed that the house was a legal two-family residence. Since he purchased the property, the petitioner has been renting out the two units, and he has obtained various permits from the Town allowing him to do so. In October 2013, the petitioner applied for a variance to permit him to continue using the property as a two-family dwelling. The Town rejected the application, and the petitioner appealed to the respondent, Town of North Hempstead Board of Zoning Appeals (hereinafter the Board). Following a hearing, the Board denied the application. The petitioner commenced this proceeding to review the Board's determination. In the judgment appealed from, the Supreme Court denied the petition. The petitioner appeals.
"A use of property that existed before the enactment of a zoning restriction that prohibits the use is a legal nonconforming use" (Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southampton, 137 AD3d 1289, 1291-1292 [internal quotation marks omitted]; see Matter [*2]of Toys R Us v Silva, 89 NY2d 411, 417). "A nonconforming use may not be established through the existing use of land that was commenced or maintained in violation of a prior zoning ordinance" (Matter of Tavano v Zoning Bd. of Appeals of the Town of Patterson, 149 AD3d 755, 756; see Matter of Rudolf Steiner Fellowship Found. v De Luccia, 90 NY2d 453, 458; Matter of Marino v Town of Smithtown, 61 AD3d 761, 762). "Thus, to establish a legal nonconforming use, a property owner must demonstrate that the allegedly preexisting use was legal prior to the enactment of the zoning ordinance that purportedly rendered it nonconforming" (Matter of Tavano v Zoning Bd. of Appeals of the Town of Patterson, 149 AD3d at 756; see Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southampton, 137 AD3d at 1293; Matter of Keller v Haller, 226 AD2d 639, 640).
Local zoning boards have broad discretion in considering an application for a variance, and judicial review is limited to ascertaining whether the determination of the board was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 771). A determination will not be deemed rational if it rests entirely on subjective considerations, such as general community opposition, and lacks an objective factual basis (see Matter of Halperin v City of New Rochelle, 24 AD3d at 772). Further, "[c]onclusory findings of fact are insufficient to support a determination by a zoning board of appeals, which is required to clearly set forth how' and in what manner' the granting of a variance would be improper" (Matter of Gabrielle Realty Corp. v Board of Zoning Appeals of Vil. of Freeport, 24 AD3d 550, 550, quoting Matter of Farrell v Board of Zoning & Appeals of Inc. Vil. of Old Westbury, 77 AD2d 875, 876).
Contrary to the Board's conclusion, the petitioner presented evidence, including affidavits from neighbors and others who had lived in the community for many years, which was sufficient to establish that the property was a legal two-family residence prior to the 1945 amendments to the Town Zoning Code. By contrast, there was no evidence presented at the hearing to demonstrate that the property had been converted into a two-family dwelling after the 1945 amendments. Accordingly, the record does not contain evidence to support the rationality of the Board's determination denying the proposed use variance. Since the Board's determination was irrational, and arbitrary and capricious, the Supreme Court should have granted the petition, annulled the Board's determination, and remitted the matter to the Town for the issuance of the requested use variance (see Matter of Marina's Edge Owner's Corp. v City of New Rochelle Zoning Bd. of Appeals, 129 AD3d 841, 844; Montgomery Group v Town of Montgomery, 4 AD3d 458, 460).
In light of our determination, we need not address the petitioner's remaining contention.
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court