Matter of Bennett v Zoning Bd. of Appeals of the Vil. of Sagaponack (2019 NY Slip Op 01594)





Matter of Bennett v Zoning Bd. of Appeals of the Vil. of Sagaponack


2019 NY Slip Op 01594


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-12512
 (Index No. 402/16)

[*1]In the Matter of Phillip D. Bennett, et al., respondents,
v
Zoning Board of Appeals of the Village of Sagaponack, appellant.


Anthony B. Tohill, P.C., Riverhead, NY, for appellant.
Farrell Fritz, P.C., Water Mill, NY (David J. Gilmartin, Jr., and Eric Bregman of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Sagaponack dated December 11, 2015, which, after a hearing, denied the petitioners' application for a certificate of occupancy for a preexisting nonconforming dwelling, the Zoning Board of Appeals of the Village of Sagaponack appeals from a judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), entered November 15, 2017. The judgment granted the petition, annulled the determination, and directed the issuance of the requested certificate of occupancy.
ORDERED that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.
"[I]n an article 78 proceeding, the reviewing court may not weigh the evidence, choose between conflicting proof, or substitute its assessment of the evidence or witness credibility for that of the administrative factfinder" (Matter of Underhill-Washington Equities, LLC v Division of Hous. & Community Renewal, 157 AD3d 705, 707; see Matter of Prestige Towing & Recovery, Inc. v State of New York, 74 AD3d 1606, 1607). "The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational" (Matter of East End Holdings, LLC v Village of Southampton Zoning Bd. of Appeals, 135 AD3d 860, 861; see CPLR 7803[3]; Matter of Waterways Dev. Corp. v Town of Brookhaven Zoning Bd. of Appeals, 126 AD3d 708; Matter of Birch Tree Partners, LLC v Nature Conservancy, 122 AD3d 841). "It is the law of this state that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance" (Matter of Cinelli Family Ltd. Partnership v Scheyer, 50 AD3d 1136, 1137 [internal quotation marks omitted]). "However, the owner must establish that the allegedly pre-existing use [or structure] was legal prior to the enactment of the prohibitive zoning ordinance which purportedly rendered it nonconforming" (Matter of Keller v Haller, 226 AD2d 639, 640; see Matter of Tavano v Zoning Bd. of Appeals of the Town of Patterson, 149 AD3d 755). "[T]he determination of a zoning board regarding the continuation of a preexisting nonconforming use must be sustained if it is rational and supported by substantial evidence, even if the reviewing court would have reached a different result" (Matter of [*2]P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville, 98 NY2d 683, 685; see Matter of Tavano v Zoning Bd. of Appeals of the Town of Patterson, 149 AD3d at 756-757; Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southampton, 137 AD3d 1289; Matter of Jacobsen v Town of Bedford Zoning Bd. of Appeals, 59 AD3d 622).
Here, it cannot be said that the determination of the Zoning Board of Appeals of the Village of Sagaponack (hereinafter the ZBA) denying the petitioners' application for a certificate of occupancy for a preexisting nonconforming third-story dwelling was illegal, arbitrary and capricious, or an abuse of discretion, or lacked a rational basis in the record.
Moreover, the Supreme Court should not have considered an affidavit of a former Chief Building Inspector because this evidence is dehors the administrative record. This affidavit was submitted by the petitioners in conjunction with the commencement of this proceeding and erroneously used by the court to support its conclusion (see Matter of Kaufman v Incorporated Vil. of Kings Point, 52 AD3d 604). Consideration of "evidentiary submissions as to circumstances after the [ZBA] made its determination [violates a] fundamental tenet of CPLR article 78 review—namely, that [j]udicial review of administrative determinations is confined to the facts and record adduced before the agency" (Matter of Featherstone v Franco, 95 NY2d 550, 554 [internal quotation marks omitted]).
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court