The People of the State of New York, Respondent,
against
Ricky Nelson Ventura, Appellant.




Cuddy & Feder, LLP (Andrew Schriever of counsel), for appellant.
Goldsand & Cinque, Esqs. (Robert A. Cinque of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Philipstown, Putnam County (Alan Steiner, J.), rendered May 25, 2016. The judgment convicted defendant, after a nonjury trial, of five counts of violating chapter 175 of the Philipstown Town Code.




ORDERED that the judgment of conviction is modified, on the law, by vacating the conviction of violating chapter 175 of the Philipstown Town Code with respect to conduct occurring on October 21, 2013 (count 3), vacating the sentence imposed thereon, and dismissing that count of the accusatory instrument, and the fine imposed thereon, if paid, is remitted; as so modified, the judgment of conviction is affirmed.
In October 2013, an accusatory instrument charging defendant with five counts of violating chapter 175 of the Philipstown Town Code was filed against defendant. It was alleged that defendant was illegally using his property for, among other things, the processing of dirt, soil, gravel and rock, or rock crushing. Following a nonjury trial, at which defendant asserted that his use of the property was a legal pre-existing nonconforming use, defendant was convicted of all counts, and was sentenced to a $350 fine on each count.
It is well settled that a property owner's use of property, which use was lawful when it was commenced, remains lawful even though a zoning ordinance is subsequently enacted which makes the use illegal (see Matter of Toys "R" Us v Silva, 89 NY2d 411, 417 [1996]). To establish a legal nonconforming use, the property owner must demonstrate by substantial evidence that the allegedly pre-existing use had been legal prior to the enactment of the zoning ordinance which rendered it nonconforming (see e.g. Matter of Tavano v Zoning Bd. of Appeals of the Town of Patterson, 149 AD3d 755, 756 [2017]). A nonconforming use, however, cannot be established through a use of property "that was commenced or maintained in violation of a prior zoning ordinance" (id.).
It is uncontroverted that, at the time the charges were filed against defendant in 2013, the processing of dirt, soil, gravel and rock, or rock crushing was prohibited within the district in which defendant's property is located. However, defendant contends that the use of his property, since 1983, for, among other things, the processing of dirt, soil, gravel and rock, or rock crushing constituted pre-existing nonconforming uses. In 1983, Local Law No. 2 of 1968 was in effect. Pursuant to Schedule A thereof, the permitted uses for properties within the district in which defendant's property was located included "building contractor's yards and garages" (¶ 39) and "[a]ccessory uses customary with and incidental to any aforesaid permitted use" (¶ 46), subject to the submission and approval of a site plan by the Planning Board. Local Law No. 2 also stated that "[a]ny use not specified in Schedule A as permitted is prohibited." The 1983 approved site plan for defendant's property mentions a storage yard but makes no mention of the processing of dirt, soil, gravel and rock, or rock crushing. A handwritten notation on the survey annexed to the site plan states "stockade fence to hide contractor's yard."
At the trial, the sole witness for defendant testified that rock crushing and gravel stockpiling, among other things, had taken place on defendant's property continuously since about 1983. Even if this is true, defendant failed to show that these uses were permitted pursuant to Local Law No. 2 of 1968 or the 1983 site plan, since these uses are not specifically mentioned in either document. Defendant argues that as these documents allowed him to have a "contractor's yard" on the property, the uses were legal because they were accessory and incidental to the use of the property as a "contractor's yard." No Philipstown ordinance defines a contractor's yard, and defendant provided no evidence at trial with respect to the meaning thereof to support his contention that the use of the property for the processing of dirt, soil, gravel and rock, or rock crushing were accessory, and incidental, to the use of the property as a contractor's yard and, thus, were permitted uses pursuant to Local Law No. 2 and the site plan. As a nonconforming use cannot be established through a use of property that, when the use was commenced, was in violation of a prior zoning ordinance (see Matter of Tavano v Zoning Bd. of Appeals of the Town of Patterson, 149 AD3d at 756), we need not decide whether the nonconforming use was a defense or an affirmative defense [FN1]
since, in any event, defendant failed [*2]to show that the pre-existing nonconforming use was legal, and the People established beyond a reasonable doubt that the nonconforming use was illegal in 1983 and thereafter. We incidentally note that the evidence adduced at trial indicated that the code enforcement officer observed the violations on the southern part of defendant's property, whereas the site plan solely concerns the northeast part of the property. 

Philipstown Town Code § 175-57 (D) (1) states that a "violation of this chapter is an offense punishable by fine not exceeding $350, or imprisonment for a period not to exceed 15 days, or both for conviction of a first offense. . . . Each week's continued violation shall constitute a separate additional violation." However, since the conduct alleged in count 3 of the accusatory instrument, the October 21, 2013 violation, took place less than a week after the conduct alleged in count 2, the October 15, 2013 violation, count 3, cannot be considered a separate additional violation pursuant to Philipstown Town Code § 175-57 (D) (1). Consequently, defendant's conviction of that count must be vacated and so much of the accusatory instrument charging that offense must be dismissed. As the remaining four counts charge conduct which took place at least a week apart, the Justice Court properly sentenced defendant to a $350 fine on each of these violations.

Accordingly, the judgment of conviction is modified by vacating the conviction of violating chapter 175 of the Philipstown Town Code with respect to conduct occurring on October 21, 2013 (count 3), vacating the sentence imposed thereon, and dismissing that count of the accusatory instrument.

ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: March 21, 2019



Footnotes

Footnote 1: Penal Law § 25.00 provides as follows:
~~"1. When a 'defense,' other than an 'affirmative defense,' defined by statute is raised at a trial, the people have the burden of disproving such defense beyond a reasonable doubt.
~~2. When a defense declared by statute to be an 'affirmative defense' is raised at a trial, the defendant has the burden of establishing such defense by a preponderance of the evidence."
~~It is noted that the Philipstown Town Code neither defines "nonconforming use" as a defense nor declares it to be an affirmative defense.