Matter of Cradit v Southold Town Zoning Bd. of Appeals (2020 NY Slip Op 00588)





Matter of Cradit v Southold Town Zoning Bd. of Appeals


2020 NY Slip Op 00588


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-04066
 (Index No. 7056/16)

[*1]In the Matter of Lisa Cradit, appellant, 
v
Southold Town Zoning Board of Appeals, respondent.


Salem M. Katsh, Orient, NY, for appellant.
Sinnreich Kosakoff & Messina, LLP, Central Islip, NY (Vincent Messina and Lisa A. Perillo of counsel), for respondent.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Southold Town Zoning Board of Appeals dated June 16, 2016, made after a hearing, that the petitioner/plaintiff's use of the subject property is not a legal nonconforming use, and an action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated January 30, 2017. The order and judgment granted the respondent/defendant's motion pursuant to CPLR 7804(f) and 3211(a)(7) to dismiss the petition/complaint for failure to state a cause of action, denied the petition, and, in effect, dismissed the proceeding/action.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof, in effect, dismissing the action, and adding thereto a provision declaring that the petitioner/plaintiff's use of the subject property is not a legal nonconforming use; as so modified, the order and judgment is affirmed, with costs payable to the defendant-respondent.
In 2006, the petitioner/plaintiff Lisa Cradit purchased certain real property located in an R-40 low-density residential zoning district in the Town of Southold. In 2014, Cradit began using the residence on the property for short-term rentals. In 2015, Southold amended its zoning code to prohibit "[t]ransient rental properties" in all districts (Southold Town Code §§ 280-4[B]; 280-111[J]). Subsequently, Cradit received a notice of violation which stated that on December 17, 2015, she had violated Southold Town Code §§ 280-4 and 280-111(J). Thereafter, Cradit sought a determination from the respondent/defendant, the Southold Town Zoning Board of Appeals (hereinafter the Board), that her use of the property for short-term rentals was a pre-existing and, therefore, legal nonconforming use. At a hearing, Cradit testified that, prior to the amendment of the zoning code, "ninety nine percent" of the rentals had been for seven nights or fewer, "with the majority of that being weekend interest only." Following the hearing, the Board found that Cradit's use of her property for short-term rentals was "similar to a hotel/motel use," which had never been permitted, rather than to the permitted use of a one-family dwelling. The Board concluded that Cradit had, therefore, not established that her use of her property for short-term rentals was a legal nonconforming use.
Cradit then commenced this hybrid CPLR article 78 proceeding and action for [*2]declaratory relief by notice of petition, summons, and petition/complaint. The Board moved pursuant to CPLR 7804(f) and 3211(a)(7) to dismiss the petition/complaint for failure to state a cause of action. The Board also contended that Cradit was not entitled to the relief that she sought in this proceeding/action. The Supreme Court granted the Board's motion to dismiss the petition/complaint, denied the petition, and, in effect, dismissed the proceeding/action. Cradit appeals.
"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals, 144 AD3d 903, 904 [internal quotation marks omitted]). "A use of property that existed before the enactment of a zoning restriction that prohibits the use is a legal nonconforming use" (Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southampton, 137 AD3d 1289, 1291-1292 [internal quotation marks omitted]; see Matter of Abbatiello v Town of N. Hempstead Bd. of Zoning Appeals, 164 AD3d 785, 785). "A nonconforming use may not be established through the existing use of land that was commenced or maintained in violation of a prior zoning ordinance" (Matter of Tavano v Zoning Bd. of Appeals of the Town of Patterson, 149 AD3d 755, 756; see Matter of Abbatiello v Town of N. Hempstead Bd. of Zoning Appeals, 164 AD3d at 786). "Thus, to establish a legal nonconforming use, a property owner must demonstrate that the allegedly preexisting use was legal prior to the enactment of the zoning ordinance that purportedly rendered it nonconforming" (Matter of Tavano v Zoning Bd. of Appeals of the Town of Patterson, 149 AD3d at 756; see Matter of Abbatiello v Town of N. Hempstead Bd. of Zoning Appeals, 164 AD3d at 786).
Here, we agree with the Board's determination that Cradit's use of her property was not a legal nonconforming use. Contrary to Cradit's argument, in renting out the residence on the property on a short-term basis, she was not using the residence as a one-family dwelling. A one-family dwelling is a building that contains a single dwelling unit (see Southold Town Code § 280-4[B]). Where property is used as "a boarding- or rooming house, . . . hotel, motel, inn, lodging or nursing or similar home or other similar structure[, it] shall not be deemed to constitute a dwelling unit'" (id.). The Board correctly determined that Cradit's use of the residence for short-term rentals was "similar to a hotel/motel use," which had never been a permissible use in her zoning district. Moreover, prior to the enactment of Southold Town Code §§ 280-4 and 280-111(J), Southold Town Code § 280-8(E) specifically provided that "any use not permitted by this chapter shall be deemed prohibited." Accordingly, because Cradit was using the property in violation of a prior zoning ordinance, she could not establish that her current use is a legal nonconforming use (see Matter of Abbatiello v Town of N. Hempstead Bd. of Zoning Appeals, 164 AD3d at 786).
Cradit's remaining contention is without merit.
Since this is, in part, a declaratory judgment action, the order and judgment should have included a provision declaring that Cradit's use of the subject property is not a legal nonconforming use (see Lanza v Wagner, 11 NY2d 317, 334).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court